WIRTH v. POKERT ET AL.

———

(March 21, 1932. Opinion and Decree.)
(April 18, 1932. Rehearing Refused.)

———

M. C. Scharff, of New Orleans, attorney for plaintiff, appellee.

Eraste Vidrine, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff, Mrs. Louise Wirth, was injured as a result of a collision between a Buick touring car, in which she was a passenger, and a Studebaker automobile. She brings this suit against the driver of both vehicles and the owner of the Buick car, claiming $10,000 as damages for physical injuries. The suit as against Langlois, the driver of the Buick car, was abandoned, no service ever having been made upon him.

The lower court awarded plaintiff judgment against Emile Pokert, the driver of the Studebaker automobile, in the sum of $1,000 and dismissed her suit as against the other defendant. Plaintiff and Pokert have appealed.

The accident occurred at the intersection of Bourbon and Governor Nicholls streets. The Buick, in which plaintiff was riding, was proceeding down Bourbon street towards Esplanade avenue and the Studebaker along Governor Nicholls street in the direction of the Mississippi river. There is the usual conflicting testimony concerning the speed of the two vehicles. The defendant Pokert, the driver of the Studebaker, was the only occupant of his car and his evidence is to the effect that he entered the intersection very slowly and was unaware of the presence of the Buick until just before the collision, his view being obstructed by the buildings forming the corner of the intersection; that, when the accident was unavoidable, he turned sharply to the left, but was unable to escape contact with the Buick car because of its excessive speed and because its driver made no effort to avoid the accident.

On the other hand, the occupants of the Buick car, which, it is claimed, was being operated as a jitney, all testify that its speed was very moderate and that the accident was caused by the failure of the Studebaker to stop at the intersection as required by the municipal ordinance, Bourbon street being a right of way street and, by the excessive speed of the Studebaker.

The evidence clearly preponderates in favor of the driver of the Buick and we, like the trial court, are of opinion that the fault must be attributed to the driver of the Studebaker. It is said, however, that Mrs. Wirth, who was thrown or fell from the car in which she was a passenger to the pavement, was contributorily negligent in that she was seated on a soap box in the rear tonneau of the open Buick car, from which the side door had been removed. There is considerable doubt as to where Mrs. Wirth was, she, herself, stating that she was seated on the rear seat and not on the soap box and, at least, one witness corroborated this statement, but, be that as it may, and assuming that she was on the soap box and, therefore, in view of the fact that the door was not on the car was more easily precipitated to the pavement, she cannot be held contributorily negligent on that account, for in sitting on the soap box she only assumed such risk as was incident to the ordinary operation of the car which the insecurity of her position imposed and not such as was occasioned by the negligence of the defendant Pokert. Stout v. Lewis et al.,

11 La. App. 503, 123 So. 346; Gauvereau v. Checker Cab Co., 14 La. App. 448, 131 So. 590.

Our conclusion is that the trial court correctly found the defendant Pokert responsible for the accident.

As to the quantum Dr. Gessner, plaintiff's physician, testified that Mrs. Wirth suffered contusions of the right shoulder and chest and rather extensive brush burns of the left elbow and right knee and that "the most serious thing she had was a brush burn, because that may permit infection. That brushing away of the top of the skin or epidermis may allow bacteria to enter and cause severe infection. It did not take place in her case." Dr. Gessner treated her from August 26, 1930, to September 13, 1930, and examined her again on October 21st, when he testified he found she had completely recovered from the injury and that she was in no further necessity of medical attention. Mrs. Wirth was 53 years of age and it is said that the shock of the accident was particularly severe on account of her advanced age, but we find no evidence of extraordinary injury resulting from shock. It seems to us that the amount allowed is excessive and it will be reduced to $500.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be and it is amended by reducing the amount awarded plaintiff from the sum of $1,000. to the sum of $500, and as thus amended it is affirmed.

---

ON APPLICATION FOR REHEARING

PER CURIAM. Our original decree is amended so as to require appellee to pay all costs in this court.

The rehearing is refused.