## ELLIOTT v. COREIL.
### No. 1410.

Court of Appeal of Louisiana.
First Circuit.

Jan. 21, 1935.

Atlee P. Steckler, of Ville Platte, for appellant.

L. Austin Fontenot, of Opelousas, for appellee.

LE BLANC, Judge.

Plaintiff was injured in an automobile accident which occurred just outside of the corporate limits of the town of Ville Platte, on the paved highway leading to Oakdale, on September 9, 1933. He was in an automobile being driven by one Jessie Ray. The car was a Ford roadster with an improvised box seat in the rear which is referred to in the testimony as a "turtle shell seat." With them were three other young men in the car. The driver and two of the others occupied the front seat, and plaintiff and Rufus Smith, owner of the car, were seated on the box seat in the rear. They were driving into the town of Ville Platte about 8 o'clock that night when they met a car being driven by defendant and which, they say, ran into them, striking the plaintiff and causing the injuries which he sustained. The latter brought this suit claiming damages against the defendant for his negligence in running his car into the one he was in, in the following amounts:

Pain and suffering, nervous shock and loss of time from school and work in the student's store at Louisiana State University (all lumped in one item)...................... $3,000.00
Amount due Dr. Lytell for services in rendering first aid following the accident..... 7.50
Amount due Dr. C. L. Attaway for medical services and X-ray........................ 100.00
                                                                                    ---------
                                                                                    $3,107.50

The district judge rendered judgment in favor of the plaintiff awarding damages in the following amounts:

Dr. Attaway, for professional services and X-ray ........................................... $ 85.00
Dr. T. H. Littell, professional services......... 7.50
Loss of four months' wages at $40.00........... 160.00
For suffering during time plaintiff was confined in hospital and subsequently............ 125.00
                                                                                   ---------
                                                                                   $377.50

Feeling aggrieved at the amount of the award, plaintiff took this appeal. The defendant did not appeal, nor has he answered plaintiff's appeal. In fact, he made no appearance whatever in this court.

The defense to the suit is a denial of the negligence alleged and a charge that it was the negligent operation of the car plaintiff was in, and which ran into defendant's car, that was the cause of the accident.

■ The position of the plaintiff in the car he was riding in presented quite an issue in the controversy, defendant claiming that he was not seated in the car at all but was riding on the running board. The proof is positive, however, that plaintiff was occupying the left-hand side of the so called "turtle shell seat" in the rear. We are inclined to believe that plaintiff's counsel attaches too much importance to this issue, however, as it seems to be one which could only arise on a plea

of contributory negligence, which plea was not made by the defendant. Even were it to be considered, however, we doubt that it would avail the defendant, as the position occupied by plaintiff in the car did not in itself constitute negligence on his part. In being seated where he was, in a position other than the usual seat provided for in an automobile, he only assumed such risk as was incident to the operation of the car he was in and not to the danger involved by the negligent driving of another automobile. Wirth v. Pokert et al., 19 La. App. 690, 140 So. 234.

On the question of defendant's negligence and his consequent liability, we find no difficulty in agreeing with the district judge. There was a truck parked on the north side of the highway, which was the right-hand side of the road in relation to the direction in which defendant was going. The two men who had parked the truck, August Fontenot and Floyd Bunyett, had just gotten out of it when defendant's car came along, running at a rapid rate of speed. Both these men testify that they heard some one in defendant's car yell: "Look out for the truck." Following the outcry which they say they heard, these witnesses saw defendant's car swerve to its left side of the road, as though in an effort to avoid striking the truck, and then the driver, in order to straighten it on the road again, swerved it to the right, and in doing so the rear end struck the car plaintiff was in. The blow produced the injury plaintiff complains of and for which he seeks to recover damages.

The testimony of these two witnesses strongly corroborates that of the plaintiff and of Jessie Ray, driver of the car, and leaves but little doubt, if any, as to the way in which the accident happened. Following the impact of the two cars, defendant did not stop, but continued on the highway at the same rate of speed he had been going. As intimated by the learned district judge in his written reasons for judgment, this is not the action of a person who is not at fault and whose car had been run into by another, as this defendant contends his car had been.

Liability was undoubtedly properly fixed by the district judge, but it is our opinion that his award was insufficient with regard to one item. We refer to the loss the plaintiff sustained by having been deprived of his employment at Louisiana State University. Plaintiff estimates that his employment there was worth between $40 and $50 per month. We understand this about took care of his board and lodging and spending money, as well as his tuition at school. The district judge fixed the amount at $40 per month, and allowed plaintiff $160 as for four months' loss of wages. We think that the district judge overlooked the fact that this employment also provided plaintiff with the means of securing his education for that school year at least. Plaintiff testifies, and it is not contradicted, that he was unable to resume his studies because of the loss of that employment at the University. The accident resulting from the negligence of the defendant having been the cause of plaintiff losing the employment, we think he is entitled to recover at the rate fixed by the district judge for the full scholastic year. There is no proof in the record as to the number of months constituting a scholastic year, but we think that we can take judicial cognizance of the fact that it is generally nine months. There is nothing in the record to indicate that the employment would have continued beyond the school year for which we allow recovery. Instead of four months at $40 per month, the award should have been nine months at the same rate, or an increase of $200. The award as to the other items we find to be proper and will not be disturbed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount from the sum of $377.50 to the sum of $577.50, and that as thus amended it be affirmed.

Defendant to pay the costs of this appeal in addition to all other costs incurred.