FRUGÉ, Judge.
This is an action in opposition to the proposed tableau of distribution filed by the administratrix of the successions of Cesaire Prejean and Cedalise Richard. The trial court reduced the administratrix’ fee and deleted one item from the tableau. The administratrix appeals.
The administratrix proposed a fee of $350.00 for herself. The trial court reduced this to two and one-half percent of the inventory which the appellant contends was erroneous because of the extensive efforts made by the appellant in attempting to find a buyer to purchase the succession property.
The controlling statute is Louisiana C. C.P. Art. 3351 which states in part:
“An administrator or executor shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services in administering the succession. The court may increase the compensation upon proper showing that the usual commission is inadequate.”
It is clear that the above article, by providing that “the court may increase the compensation upon proper showing * * vests considerable discretion in the trial court in fixing the administratrix’ *758 commission. There is nothing in the record to indicate that the trial court abused its discretion in setting the adminis-tratrix’ commission at two and one half-percent of the inventory. Appellant’s efforts to sell the property were not so extensive as to require the trial court to set her commission in excess of two and one-half percent of the inventory.
The second error specified by the appellant is the trial court’s deletion of the realtor’s fee of $720.00 from the proposed tableau. The trial court’s reason for doing so as given in its Reason for Judgment was that “there is nothing in the file nor in the evidence which was adduced on the trial of this Rule to indicate that the alleged realtor, Mr. Isom G. Fontenot, was instrumental in any way in procuring the sale which was approved by this court.” (Tr. 39)
The record reflects that counsel for the parties stipulated the following: “It is stipulated by and between counsel that a real estate agent was retained for the sale of the succession property — immovable property; that a real estate agent did arrange the sale and that the property was sold under that arrangement.” (Tr. 46)
Also, a copy of a contract between Isom G. Fontenot and the administratrix was filed in the record (Tr. 37, exhibit P-2). This identifies Mr. Fontenot as the realtor with whom the administratrix dealt. This, in conjunction with the stipulation, makes it readily apparent that Mr. Fonte-not rendered services to the succession and the succession benefited from them. The contract provided for a six percent commission for the realtor in the event a sale was made to an individual provided by the realtor within six months of the expiration of the primary term of the contract. The commission of $720.00 (six percent of the sale price) was a reasonable charge for the services rendered by Mr. Fontenot.
The court approved the sale of the immovable property to the party secured by Mr. Fontenot for a price of $12,000.00. However, the administratrix did not get court approval of the contract with Mr. Fontenot. The contract was incidental to the sale of immovable property which was approved by the court, the succession benefited from the services of Mr. Fontenot, and a reasonable charge was made for those services. We think that under the particular facts presented in the present case, Mr. Fontenot’s fee should not have been deleted from the proposed tableau of distribution.
For the above and foregoing reasons, the judgment of the trial court is amended so as to reinstate the realtor’s fee of $720.00 to the tableau of distribution, and as thus amended, affirmed.
The costs of this appeal are to be assessed equally against both parties, one-half to the appellees and one-half to the appellant.
Amended and affirmed.