277 So.2d 141 (1973)
Henry J. BRANTLEY et al., Plaintiffs-Appellants-Respondents,
v.
James BROWN et al., Defendants-Appellees-Relators.
No. 52391.
Supreme Court of Louisiana.
May 7, 1973.
*142 Bodenheimer, Jones, Klotz & Simmons, G. M. Bodenheimer, Jr., Shreveport, for defendants-applicants.
Edmund M. Thomas, C. William Gerhardt, Shreveport, for plaintiffs-respondents.
TATE, Justice.
The father of a twelve-year-old boy sues to recover damages resulting from an automobile accident. The trial court held the boy to be contributorily negligent and dismissed the suit. The court of appeal reversed. 260 So.2d 719 (La.App. 2d Cir. 1972). We granted certiorari, 261 La. 822, 261 So.2d 229 (1972), primarily to consider whether the recovery for the son's injuries is barred by any fault on his part.
The facts are fully set forth in the opinion of the court of appeal. Reviewing the record, we accept its factual findings and conclusions as to the negligence of the drivers, as follows:
The boy was injured as the result of an intersectional collision. He was riding on the left front fender of a Ford owned and driven by Philip Brown, age 19, a near neighbor. The automobile was proceeding at a reasonable speed of about 25 mph down a hard-surfaced street in a residential neighborhood. It was during daylight hours.
The accident occurred as the Brown vehicle entered an intersection with a gravelled side-road. A Buick driven by Mrs. Helen Myles entered the intersection from the side-road into the immediate path of Brown's Ford. Mrs. Myles was negligent in so doing, in derogation of the directional right of way of the Brown vehicle coming from her right.
The sudden entry of the Myles vehicle in his path caused Brown to apply his brakes, despite which his vehicle collided with the Myles Buick. When Brown suddenly applied his brakes, young Brantley was thrown from the fender immediately prior to the impact and thrown into the Myles vehicle.
The accident resulted solely from the negligent entry of the Myles vehicle into Brown's immediate path. There is no evidence and no indication that Brown's observation of the intersection was deficient or in any way impaired by the boy on his fender.
Thus, young Brantley's act of riding on the fender played no causative role in the *143 accident. The accident occurred solely because Mrs. Myles negligently violated the Brown vehicle's right of way:
The risk and harm encountered by young Brantley and any other occupant of (or on) the right-of-way vehicle was within the scope of protection of the right-of-way statutes such as here apply. See Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1968). The statutory duty of drivers from inferior roadways to yield the right of way to a vehicle on the superior thoroughfare is designed to prevent such drivers from impeding the progress of a right-of-way motorist and also to protect occupants of right-of-way vehicles from injuries which could result from an illegal entry into an intersection in violation of the other car's right of way. See Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1970).
Thus, Mrs. Myles's negligence was a legal cause of young Brantley's injuries. In this legal and factual context is posed the issue before us: Is recovery for the personal injuries suffered by this twelve-year-old boy barred because he rode upon the fender and thus was contributorily negligent or assumed the risk?
The court of appeal cited and followed the uniform holding of Louisiana decisions to the following effect, 260 So.2d 723:
"The jurisprudence of Louisiana is that a person who is riding on the running board, fender, or in any other precarious position assumes only such risks as might cause him injury while the driver is operating the vehicle in a reasonable and prudent manner. He does not assume the risk of any negligent operation on the part of his own driver or on the part of the driver of another vehicle, unless, as in Vaughn [Vaughn v. Cortez, 180 So.2d 796 (La.App. 3d Cir. 1965)], he assumes the risk of riding with a driver whom he knows to be drunk, incapable or careless and reckless. In other words, the purpose of the statute prohibiting a person to ride on the fender of a car is to protect him from the hazards usually incident to such a precarious position, such as being thrown from the vehicle by the automobile hitting a hole in the road or traveling on a road with sharp curves, etc."
See: Fontenot v. American Employers Insurance Co., 177 So.2d 760 (La.App. 3d Cir. 1965); Bordelon v. Great American Indemnity Co., 124 So.2d 634 (La.App.3d Cir. 1960); Jackson v. Young, 99 So.2d 400 (La.App. 1st Cir. 1957); Salone v. Shreveport Railways, 41 So.2d 240 (La. App. 2d Cir. 1949); Keowen v. Amite Sand & Gravel Co., 4 So.2d 79 (La.App. 1st Cir. 1941); Robinson v. Miller, 177 So. 440 (La.App.Orl.1937); Cosse v. Ballay, 149 So. 285 (La.App.Orl.1933); Wirth v. Pokert, 19 La.App. 690, 140 So. 234 (1932); McDonald v. Stellwagon, 140 So. 133 (La. App. 2d Cir. 1932); Gauvereau v. Checker Cab Co., 131 So. 590 (La.App.Orl.1930); Stout v. Lewis, 11 La.App. 503, 123 So. 346 (1929).
The principles uniformly applied by these cases are: An outrider on a vehicle assumes only such risks as are ordinarily incident to his position. He does not assume the risk of negligent driving on the part of his driver, as he is ordinarily entitled to rely reasonably upon his driver's exercise of ordinary care. He particularly does not assume the risk of the negligence of the driver of another vehicle which collides with that upon which he is riding; any negligence on the outrider's part does not causally contribute to such an accident or to his injuries thereby resulting, for in the absence of the other driver's negligence there would have been no accident and thus no injury at all (see particularly Salone, Keowen, Robinson, and Williams cases, cited above).
Many of the cited decisions deal with statutory regulation similar to those here relied upon as a basis for contributory negligence. La.R.S. 32:284 (1962) provides: "No person shall be allowed to ride on running boards, fenders, or tail gates *144 * * * while moving upon a highway of this state * * *." A municipal ordinance of similar import also applied.
The cited decisions hold that the risk that such a statute is designed to protect against does not encompass the risk of negligent driving. As we recently noted in Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714, 719 (1972), where we similarly refused to infer tort-related fault solely by reason of violation of a statute, "* * * the duty imposed, when we consider the criminal [i.e., highway regulation] statute, did not encompass the particular risk here encountered."
By reason of this conclusion, we need not rest our decision on the principle that, to bar recovery against a tortfeasor, the contributory negligence of a twelve-year-old boy is not measured by the standard of self-care expected of an adult but rather only by the self-care expected of a child of his age, intelligence, and experience under the particular circumstances presented to him. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958).[1]
In summary, the court of appeal correctly held Mrs. Myles and her casualty insurer liable for the damages resulting from young Brantley's injuries caused by her fault. These defendants do not question the amount of medical expenses and general damages awarded, neither in their application for certiorari nor in their brief to this court. In any event, we have examined the record and find the awards supported by the evidence.
Accordingly, the judgment of the court of appeal is reinstated and affirmed. The defendants-relators are cast with all costs.
Court of Appeal judgment reinstated and affirmed.
SUMMERS, J., concurs in the result only.
CALOGERO, J., concurs.
BARHAM, J., dissents and assigns reasons.
BARHAM, Justice (dissenting).
A 12-year-old boy was injured as the result of an intersectional collision while he was riding on the left front fender of an automobile driven by a neighbor, Brown, which was proceeding at a reasonable speed on a hard-surfaced street in a residential neighborhood. As the vehicle on whose fender the boy was riding approached the intersection, a car operated by Mrs. Myles was driven from a side street into the path of the Brown vehicle. The majority found: "The sudden entry of the Myles vehicle in his path caused Brown to apply his brakes, despite which his vehicle collided with the Myles Buick. When Brown suddenly applied his brakes, young Brantley was thrown from the fender immediately prior to the impact, and thrown into the Myles vehicle." (Emphasis here and elsewhere has been supplied.)
I agree with the majority holding that the entry of the Myles vehicle into Brown's path was an act of negligence which was a legal cause of the ensuing automobile accident. We are, however, concerned not with the collision of the two vehicles but rather with the sudden braking of the Brown car before the impact which threw the rider on its fender into the Myles vehicle. This is a separate accident from the collision of the two automobiles. This accident would have occurred even had the automobiles not collided.
Mrs. Myles had a duty to stop and yield the intersection to the Brown automobile. She breached this duty. I have no great *145 problem in finding that the imposition of the duty to yield would encompass the risk that some riders in and on vehicles with the right of way might be in unsafe positions when the duty to yield was breached. I accept the fact that Mrs. Myles's failure to stop at the intersection was the cause-in-fact of Brantley's being thrown from the fender of the Brown car, and that the risk of the occurrence and of the ensuing harm was within the duty imposed upon her to yield the right of way. She was in fact negligent in the occurrence which caused Brantley to be thrown from the Brown car into her car. These findings present a much more difficult question for our consideration: Was Brantley guilty of contributory negligence?
The majority finds: "* * * the purpose of the statute prohibiting a person to ride on the fender of a car is to protect him from the hazards usually incident to such precarious position, such as being thrown from the vehicle by the automobile hitting a hole in the road or traveling on a road with sharp curves, etc." Since the majority has cited Dixie Drive-It-Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1970), I cannot understand how it is able to stop at this point. We said in Dixie and in Pierre that the purpose of the statute was to protect not only from non-negligent drivers upon the highway but also from those who might be inattentive or careless in the operation of their vehicles. The hazard to the fender rider that the driver of that vehicle may additionally have to make sharp turns, quick deviations, or sudden stops because of other inadvertent or inattentive drivers upon the highways must also be included within the purpose of the statute.
After having stated originally, as quoted above, that the risk which actually occurred here was that the boy was thrown from the car when the brakes were applied by the driver of the car before the impact the majority then says: "He particularly does not assume the risk of the negligence of the driver of another vehicle which collides with that upon which he is riding * * *." I believe that the collision of the automobiles is not the occurrence we must consider. I am of the opinion that under the facts here, where it is agreed that Mrs. Myles's negligence is a legal cause of the injury, the theory of assumption of risk has no application. The majority finishes that sentence with this statement: "* * * any negligence on the outrider's part does not causally contribute to such an accident or to his injury thereby resulting, for in the absence of the other driver's negligence there would have been no accident and thus no injury at all * * *." I am at a loss to understand how the majority can reach such a conclusion. The statement quoted is the reverse of the rule of law. Certainly the fact that an accident would not have occurred without the negligence of one party does not bar contributory negligence on the part of another. Contributory negligence presupposes negligence on the defendant's part. The rule of law is that when there is negligence on the part of one, there may be causally contributory negligence on the part of another which bars the latter's recovery. In the absence of the defendant's negligence there would be no contributory negligence. The majority appears to believe that the fender rider would have had to block the view of the driver of the car on which he rode for him to be contributorily negligent toward the defendant. Again the majority mistakenly finds that the collision between Brown and Mrs. Myles is the accident rather than the sudden braking and throwing of the boy from the fender. The contributory negligence of the fender rider was in placing himself in a position of grave peril when he could anticipate that some other drivercareful or not, inattentive or notmight cause the driver of his car to act in such a manner as to throw him off the car.
The majority cites Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714 *146 (1972), for the proposition that "* * * the duty imposed, when we consider the * * * criminal (i.e., highway regulation) statute, did not encompass the particular risk here encountered". Again in Laird, as we said in Dixie and in Pierre, we found that the statute encompassed the risk that there might be inattentive, negligent drivers upon the highway and that the statute intended to guard against the hazard that those inattentive, negligent drivers would strike a stopped or parked vehicle on the highway. Applying the rationale of those cases here, we must conclude that riding upon the fender of an automobile encompasses the risk that inadvertent, inattentive, or negligent drivers might cause the driver of the vehicle on which the rider sits to stop suddenly or swerve suddenly and throw him from the automobile. It is the negligence of the rider in assuming such a position of peril that contributes to the occurrence here. Had Brantley not been on the fender of the car, he would not have been thrown into the Myles vehicle. Encompassed within the rule of law he breached was the duty to protect himself from being suddenly thrown from the fender of the car and injured when that car was forced suddenly to stop because of the inattentiveness, inadvertence, or negligence of the driver of another automobile.
I respectfully dissent.
NOTES
[1] See: "* * * the act was not so inherently dangerous that the boy should have known that some injury would necessarily result. The degree of caution expected of a twelve-year old boy accordingly varies with the circumstances of each given case", 105 So.2d 274.