384 So.2d 506 (1980)
SUCCESSION of Clarence L. BATTON, Mildred Taylor Batton et al., Plaintiffs in Rule and Appellees,
v.
Earline Batton PRINCE et al., Defendants in Rule and Appellants.
No. 14140.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
Rehearing Denied June 12, 1980.
*507 Meadors & Meadors by George H. Meadors, Homer, for plaintiffs in rule and appellees.
Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendants in rule and appellants.
Before PRICE, JONES and McCLENDON, JJ.
En Banc. Rehearing Denied June 12, 1980.
JONES, Judge.
Mildred Batton, wife and testamentary executrix of the decedent (Clarence Batton, Sr.), and Mildred Batton Wright, Barbara Sue Batton Murray, and Clarence Batton, Jr., three of decedent's five children, filed a rule to show cause why Sherman Allen should not be appointed successor trustee to five testamentary trusts set up by decedent for his five children. Ruled into court were the remaining two children, Louise Batton Reeve and Earline Batton Prince, who opposed Allen's appointment as trustee. The trial court appointed plaintiffs' nominee, Sherman Allen, as successor trustee. Defendants appeal this decision, re-asserting their original objections to Allen and denominating Allen's appointment an abuse of the trial court's discretion.
The testator died leaving a valid testament in which he bequeathed a 120 acre tract of land and a ½ interest in all his separate property to his wife, and confirmed her usufruct over the community property. The decedent then set up five testamentary trusts, one for each of his five children. All remaining property comprises the corpus of the trust. The corpus primarily consists of approximately 500 acres of land used for growing timber and raising cattle. It is a "family-type farm operation". Decedent named as co-trustees Clarence Batton, Jr. and the Homer National Bank. When the Homer National Bank declined to serve as trustee, plaintiffs nominated Sherman Allen as successor trustee.
Appellants state their objections to Allen to be the following: (1) he is a non-resident of Louisiana, (2) he is 64 years old, (3) he does not have the educational or business background proper for a qualified trustee, *508 and (4) the personal relationship between Clarence Jr. and Allen is such that Allen would not exercise an independent judgment in the performance of his duties as trustee. Opponents contend that since the decedent appointed a corporate trustee, the court should replace the Homer National Bank with a corporate trustee. They alternatively contend they should be appointed co-trustees of their respective trusts.
Since the Second Judicial District Court for Claiborne Parish has jurisdiction over decedent's succession, it is the "proper court" under LRS 9:1725[1] and LRS 9:1785[2] to appoint a successor trustee. Neither the will nor the Trust Code provides for a method of appointing a successor trustee. Defendants object to plaintiffs' use of a summary proceeding to determine whether Allen should be appointed trustee and contend that such use puts an unreasonable burden upon them. We find this contention without merit because the method here used was fair and equitable as it provided proponents and opponents of the proposed trustee an opportunity to assert their respective positions to the court.
The qualifications of a trustee are set forth in LRS 9:1783, which reads as follows:
"A trustee must be a natural person enjoying full capacity to contract who is a citizen of the United States, or a Louisiana bank or trust company organized under the laws of the United States domiciled in this state."
Allen clearly meets these requirements because he is a U. S. citizen with full capacity to contract. Moreover, despite defendants' objections, we find the trial court did not abuse its discretion in appointing Allen and agree that Allen is eminently qualified to serve as trustee.
The evidence reveals that Allen holds a highly responsible position as Terminal Superintendent with Texas Eastern Transmission Corp. He supervises twenty people and approximately $500 million worth of assets (petroleum products and equipment). He has been employed by Texas Eastern for 29 years and has held this particular position for 3 years. The cash deposits, savings bonds and shares of bank stock present in the trust corpus which are subject to a usufruct in favor of decedent's widow do not present such business complexities that a man of Allen's experience could not readily and intelligently administer these assets. Two-thirds of the 500 acres of land in the corpus of the trust is in timber and onethird of it is in pasture. There is certainly nothing in the management of this land that a man of Allen's background cannot administer. Allen is extremely familiar with the land, since, as decedent's brotherin-law, he walked over the property "hundreds of times". He often discussed the raising of cattle and timber on the land with decedent. The evidence established that Allen has some business acumen as he has owned and sold several pieces of real property and the home he now owns is paid for. Although he lives in Arkansas, Allen's home is only 10 miles from the Louisiana border and 35 miles from Homer, where the land is located. There is therefore no obstacle to Allen's easily getting to the property and no great expense involved for the trusts. Allen is well acquainted with all the beneficiaries of the trust, one of whom is his co-trustee, and with the widow who owns an undivided interest in and has a usufruct over much of the property in the corpus of the trust. These are factors which will better equip Allen to administer the trust property and carry out the intentions of the settlor of the trust as reflected in the will. There is no evidence that Allen *509 is in poor health or that his age otherwise incapacitates him in any way. The bare fact that his chronological age is 64 years in no way disqualifies him from serving as trustee. We note that one of the principal candidates for the Republican nomination for President of the United States is substantially older than Allen.
Allen meets the minimal qualifications of a trustee required by LRS 9:1783, and under the evidence, he is shown to be a much more than adequate trustee.
The appellants contend that because Allen is a nonresident, service of process upon him could not be had in the event suit against him should be necessary. Allen testified that if he were appointed trustee, he would appoint a Louisiana agent for service of process. We also note that the Long-Arm Statute would be available for the purpose of service of process in the event Allen did not appoint a Louisiana agent for service of process. Under these circumstances this objection of opponents is nonmeritorious.
Defendants alternatively contend that if a corporate trustee is not appointed successor trustee to the Homer National Bank that there should be separate co-trustees appointed for their two trusts and that each of them should be appointed co-trustee for their respective trusts. If this contention of the opponents should prevail there would be four trustees, plus the decedent's surviving widow, making decisions with regard to the administration of much of the acreage included in the corpus of the trust. We find (and the trial court apparently so believed) that having only two co-trustees will facilitate the better administration of the trust estate. The trial court did not abuse its discretion in appointing Allen as successor co-trustee.
Defendants also argue that Allen and Clarence, Jr. should be required to post bond under LRS 9:2172[3]. In his will the decedent exempted Clarence, Jr. and the Homer National Bank, and all their successors in office, from posting bond. In light of this exemption and the total lack of evidence of irresponsibility on the part of either Allen or Clarence, Jr., we cannot say the trial court abused its great discretion in not requiring Clarence, Jr. or Allen to provide a bond.
Defendants argue they should not have been cast for costs. However, assessment of costs lies within the great discretion of the trial court (LSA-C.C.P. art. 1920[4]) and unless there is an abuse of that discretion the assessment of costs is not subject to reversal. Appellants did lose the case, and the trial court did not abuse its discretion when it assessed appellants with the cost.
The judgment is AFFIRMED at appellants' cost.
NOTES
[1] LRS 9:1725(5)"Except when the context clearly indicates otherwise, as used in this Code:

... `Proper court' in the case of a testamentary trust means the district court having jurisdiction of the settlor's succession."
[2] LRS 9:1785"An original trustee, an alternate trustee, or a successor trustee may be designated in the trust instrument, but neither failure of the trust instrument to so provide nor disqualification or removal of the trustee for any reason, incompetence or unwillingness to act of the person so designated or chosen shall invalidate the trust. In such a case, the proper court shall appoint one or more trustees."
[3] LRS 9:2172"On the application of any interested party, the proper court may compel a trustee to furnish security adequate to protect the interests of a beneficiary even if the trustee is not otherwise required to furnish security."
[4] LSA-C.C.P. art. 1920"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."