DOMENGEAUX, Judge.
This is an action in opposition to the proposed tableau of distribution filed by J. D. Lasyone, the provisional administrator of the Succession of Arlon R. Lasyone. Dwain Wallis, the testamentary executor of the Succession, contests the amount of compensation to be paid the provisional administrator. From a judgment awarding Lasyone $2,250.00 for his services as provisional administrator, the testamentary executor has perfected this appeal. We affirm.
The sole issue on appeal is whether or not the trial court erred in setting the compensation of Lasyone at $2,250.00.
Arlon R. Lasyone died on November 16, 1978. J. D. Lasyone, the brother of the *414 deceased, qualified as provisional administrator on February 22, 1979. The deceased left a will naming Dwain Wallis as testamentary executor. The will was probated on March 26, 1979. Although Wallis qualified as testamentary executor August 15, 1979, Lasyone served as provisional administrator until March 11, 1980, when he filed the tableau of distribution. In the tableau of distribution, Lasyone originally requested $1,200.00 as compensation for his services as provisional administrator. On April 3, 1980, Lasyone amended the tableau of distribution to increase his request for compensation to $2,250.00, alleging that the original amount requested was erroneously stated. After a hearing, the trial court awarded Lasyone $2,250.00 as reasonable fees for his services.
The amount of compensation of a succession representative is provided in La.C.C.P. Art. 3351 which, in part, reads:
“... A provisional administrator or an administrator of a vacant succession shall be allowed fair and reasonable compensation by the court for his services.”
The trial court is vested with much discretion in fixing provisional administrator’s compensation. In re Succession of Prejean, 234 So.2d 757 (La.App. 3rd Cir. 1970).[1] Our review of the entire record reveals that the trial court did not abuse its discretion.
The record indicates Lasyone made numerous trips to England Air Force Base, Alexandria, and Montgomery, Louisiana, on succession business. He also went to and looked after the succession’s real property and the appurtenances thereon once or twice a week while he acted as provisional administrator. Additionally, he collected and preserved the sum of $44,926.52 on behalf of the succession, and also paid some debts of the succession.
Before an appellate court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making the award. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Although the amount awarded may be on the high side, we cannot say that it constitutes an abuse of discretion. Therefore, we affirm the trial court’s award to Lasyone of $2,250.00 as compensation for his services as provisional administrator of the Succession.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs are assessed against the appellant.

AFFIRMED.

. Although the compensation involved in Preje-an pertained to an administrator (administra-trix), the “much discretion” rule set out therein obviously applies equally to a provisional administrator.