PONDER, Judge.
This is an appeal by the executrix of the Estate of Mrs. Helen Floyd Bankston from the judgment recognizing two plaintiffs, Mr. and Mrs. Valentine, as creditors for services rendered.
Appellant lists sixteen issues, which, however, may be combined into the following subjects:
1. Propriety of claims against estate by plaintiffs receiving total of about $70,000.00 in legacies;
2. Abandonment of claims by two plaintiffs;
3. Payment for services to Mr. Bankston and use of parol evidence;
4. Proof of claims for services to Mrs. Bankston;
5. Whether claim was quasi-contract or unjust enrichment;
6. Whether claim was afterthought or stale claim;
7. Whether award to Mrs. Valentine should be offset by donation to her;
8. Assessment of costs;
9. Interest on open accounts;
10. Attorney fees.
We amend and affirm.
Mrs. Valentine was a sister of the deceased. Mrs. Frey is a daughter of the Valentines and Mrs. Hall a granddaughter. Mr. and Mrs. Valentine had moved next door to the Bankstons in 1967. They provided the Bankstons constant assistance until Mr. Bankston’s death in 1977 and thereafter to Mrs. Bankston until her death in 1979. The decedent often promised to pay for these services by making provisions in her will. She did make legacies to Mr. and Mrs. Valentine but in small amounts. The four plaintiffs made claims for services but Mrs. Frey and Mrs. Hall abandoned theirs. The trial court awarded $10,000.00 less an offset of $500.00 to Mr. Valentine and $4,000.00 to Mrs. Valentine. The executrix appealed.
Appellant lumps the legacies to the original four plaintiffs to reach a sum of about $70,000.00 and then contends that Mr. and Mrs. Valentine should not be recognized as creditors because the value of the legacies far exceeds the amount of the claims. No authority for this treatment is cited and we know of none. The relationship of the four original plaintiffs is no justification for treating them as an entity. Furthermore, the claims of two were abandoned. Appellant objected but we know of no bar to this procedure.
Appellant asserts that much of the services rendered were for Mr. Bankston for which he or his succession, not Mrs. Bankston or her succession, would be liable. While undoubtedly some of the services benefitted Mr. Bankston, both Mr. and Mrs. Valentine testified the latter because of the stipulation that her testimony would be the same as Mr. Valentine’s — that they performed the services for Mrs. Bankston. Furthermore, we understand the court’s award to be only for the services rendered *1192 to Mrs. Bankston. There is no room for application of the principles of community property law, of res judicata or of the prohibition of parol evidence after one year following death (LSA-R.S. 13:3721).
Appellants’ contention that the requirements of LSA-R.S. 13:3722[1] were not met is without merit. The trial court expressly found that Mrs. Frey was a creditable witness despite the contention to the contrary, based evidently upon relationship to the Valentines and upon the fact that she had made a claim against the succession. As the court pointed out Mrs. Frey had abandoned her claim, and any obstacle, if one ever existed, had been removed. We find the abandonment to be effective. We agree with the court’s conclusion that the Valentines had proved their claims.
The appellant contends that the trial court erred in granting the Valentines recovery based upon quasi-contract, when they had stated that the claim was based upon unjust enrichment. In Martin v. Bozeman, 173 So.2d 382 (1st Cir. 1965), this court recognized that, in a claim against the succession for services, the doctrines of quasi-contract and unjust enrichment are virtually indistinguishable. Louisiana courts recognize the right of a person to recover compensation for his services from the succession, if it is proven that he rendered the services with the expectation of eventually being compensated. Troxler v. Cubbage, 235 So.2d 170 (4th Cir. 1970); Story v. Story, 131 So.2d 913 (1st Cir. 1961). Since it is necessary in Louisiana to plead only the facts not the theory of the case we find no merit in this conclusion.
The contention that the claims are stale or an afterthought is also without merit. The opposition to the tableau of distribution was filed just two days after the executrix had filed the tableau. Hence the Valentines clearly filled their opposition within the appropriate legal delays. See La.Code Civ.P. Art. 3304.
On the other hand, appellant is correct in contending that the award to Mrs. Valentine should be subject to an offset because of the donation of a strip of land. Story v. Story, supra.
Mr. Valentine (and, through stipulation, Mrs. Valentine) admitted that Mrs. Valentine did receive this property as a donation. However, the executrix introduced no reliable evidence to establish the value of the property. Under cross-examination, Mr. Valentine estimated the value of the land to be approximately $100.00. Accordingly, we will amend the judgment below to allow the succession of a $100.00 credit against the award made to Mrs. Valentine.
The executrix contends that the trial court erred in assessing the entire costs of court to the succession. The trial court is given wide latitude in taxing costs among the parties. La.Code Civ.P. Art. 1920; Succession of Batton v. Prince, 384 So.2d 506, (2nd Cir. 1980). We find no abuse of this discretion.
The executrix asserts that the trial court erred in concluding that the claims included in the tableau of distribution should bear interest. The executrix cites no authority for this contention. We know of none.
The executrix contends that the trial court erred in not granting an increase in attorney’s fees and in the executrix’s fee. She argues that the unexpected litigation occasioned by the filing of this opposition entitles herself and her attorney to the larger fees.
The trial court is vested with the discretion to increase the fees if the complexity of the succession so warrants. Succession of Lasoyne, 395 So.2d 413 (3rd Cir. 1981); Succession of Pierson, 365 So.2d 507 (3rd Cir. 1978). However, the record supports the trial court’s denial of the increased fees.
*1193 The Valentines ask for damages for frivolous appeal; however, they neither appealed themselves or answered the executrix’s appeal. Accordingly, the issue of such damages is not before this court. Morial v. Orleans Parish School Board, 332 So.2d 503 (4th Cir. 1976) writ denied 337 So.2d 530; Young v. Warner, 283 So.2d 547 (1st Cir. 1973).
For the foregoing reasons, the judgment of the trial court is amended to allow a $100.00 credit in favor of the succession in the award to Mrs. Ada F. Valentine. In all other respects, the judgment of the trial court is affirmed. Costs of appeal are to be borne by appellant.
AMENDED AND AFFIRMED.

. LSA-R.S. 13:3722:
“When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.” (As amended, Acts 1960, No. 32, Sec. 1)