| MOAN BERNARD ARMSTRONG, Judge.

STATEMENT OF THE CASE

Relators Lenny K. Motwani, Aaron Mot-wani, Tina Motwani, beneficiaries of the 601 Canal Street Trust, and Stanford Latter, trustee thereof, seek supervisory review of a trial court judgment denying their rule to set aside an earlier order appointing Chandra Motwani as a successor co-trustee. Chandra Motwani is the uncle of the Motwani relators herein, and the father of the only other trust beneficiaries, Vishal Bobby Motwani and Lea Maria Motwani.
The 601 Canal Street Trust was established in 1985. On October 11, 2002 (the date of the certification of service by mail), Chandra Motwani filed a petition for an order approving the appointment of himself as a successor co-trustee, alleging that then co-trustee Laxman S. Kewalramani, M.D. no longer desired to be co-trustee.
On October 14, 2002, the trial court issued an order acknowledging the resignation of Dr. Kewalramani as co-trustee, and approving and confirming the substitution of Chandra Motwani as co-trustee.
IsOn November 27, 2002, relators herein filed a rale to set aside the order appointing Chandra Motwani as co-trustee. The matter came for hearing on January 24, 2003. On February 24, 2003, a judgment was signed denying the rule. Relators timely filed their writ application in this court on March 10, 2003.[1]

FACTS

The petition of Chandra Motwani for appointment as successor co-trustee had attached to it the October 11, 2002 affidavits of himself and Dr. Kewalramani. Dr. Kewalramani averred that he was then co-trustee, that he thereby resigned as co-trustee, with his resignation to take effect upon the acceptance of the trusteeship by Chandra Motwani. Chandra Motwani averred that he accepted the co-trusteeship, which would become effective upon the resignation of then co-trustee Dr. Kewalramani. Chandra Motwani averred in the petition that, pursuant to La. R.S. 9:1788, it was necessary that the beneficiaries of the trust be notified of the resignation of Dr. Kewalramani, and that attached to his petition was a copy of such notification sent to the natural beneficiaries by certified letter, return receipt requested. The petition contained a certificate of service attesting that counsel for Chandra Motwani had served a copy of the “pleading” by mail upon attorneys of record for all other parties.
Attached to relators’ supplemental memorandum on their rule to set aside the appointment of Chandra Motwani as co-trustee was the December 17, 2002 affidavit of Dr. Kewalramani. Dr. Kewalramani averred in this affidavit that he had resigned his co-trusteeship unconditionally *652 on July 17, 2001. Dr. |3Kewalramani further averred that on October 11, 2002, Chandra Motwani requested that he execute a resignation as co-trastee to be effective upon acceptance of the co-trusteeship by Chandra Motwani. Dr. Kewalramani averred that he executed an affidavit to that effect under the impression that it was necessary to complete his resignation.

DISCUSSION

Relators’ argument is that the trial court erred in denying their motion to set aside the order appointing Chandra Motwani because the relators-beneficiaries did not receive notice of the resignation of Dr. Kew-alramani and did not receive service of process.
La. R.S. 9:1791 sets a 30-day delay for appealing an order appointing or removing a trustee. Relators implicitly concede that the delay for appealing the order appointing Chandra Motwani has expired, but contend they had no knowledge of it until after the 30-day period had expired.
Given that relators allege insufficient service of process, we note that they could have filed an action to annul asserting that ground pursuant to La. C.C.P. art.2002. However, relators did not have to file a separate action, as the order could be attacked collaterally and at any time. See Official Revision Comment (e) to La. C.C.P. art.2002. Accordingly, we shall consider relators’ “rule” to set aside the order appointing Chandra Motwani as a collateral attack based on the lack of service of process.
There is authority for the proposition that a trial court can appoint a successor co-trastee in a summary proceeding. See Succession of Batton v. Prince, 384 So.2d 506 (La.App. 2nd Cir. 1980) (appointment of successor trustee by use of summary proceeding fair and equitable because it provided proponents and opponents an 1 opportunity to assert their respective positions to the trial court). Cf. La. R.S. 9:1786 (authorizing appointment of provisional trustee by summary proceeding). Citation and service thereof are not necessary in a summary proceeding, but a copy of the pleading shall be served upon the “defendant.” La. C.C.P. art. 2594. “The rales governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law.” La. C.C.P. art. 2596.
In the instant case, the copy of Chandra Motwani’s “petition” for appointment as a successor co-trastee contains a certification of service attesting that service thereof by mail was made upon attorneys of record for all other parties in the action. Service by mail would have been proper if Chandra Motwani sought appointment by the filing of a “pleading” subsequent to an original petition. La. C.C.P. art. 1313(1). However, Chandra Motwani filed an original petition seeking his appointment as successor co-trastee. Therefore, service could not be made by mail.
Because the order appointing Chandra Motwani successor co-trustee affected the rights of the relators-beneficia-ries, and they were not properly served with process and did not make a general appearance,[2] the order was an absolute nullity. See White v. White, 398 So.2d *653 1257, 1259 (La.App. 4 Cir.1981) (judgment rendered against defendant in a summary proceeding who has not been served with process and who has not entered general appearance is an absolute nullity).
| BFor the foregoing reasons, the writ application is hereby granted and the trial court’s order appointing Chandru Motwani successor co-trustee is annulled and set aside.
WRIT GRANTED; ANNULLED AND SET ASIDE.

. Although the written judgment states that judgment was rendered in open court on January 24, 2003, the date of the hearing, because a written judgment was signed on February 24, it can be presumed that the court ordered one prepared. Therefore, the 30-day maximum return date period ran from February 24, the date the judgment was signed. Rule 4 — 3, Uniform Rules of Louisiana Courts of Appeal.

. We note that the certification of mailing included in Chandra Motwani’s petition is dated October 11. The order appointing him co-trastee was rendered on October 14. This, combined with the relators’ representations that they did not learn of the order until after the 30-day delay for appealing had expired and the fact that the order does not reflect that the court considered anything but Chandra Motwani’s petition, strongly suggests that none of the relators made a general appearance in connection with the matter.