384 So.2d 435 (1980)
Jennings Jack DOFFLEMYER
v.
Gary D. GILLEY et al.
No. 66432.
Supreme Court of Louisiana.
May 19, 1980.
*436 Gregory P. Massey, Jones, Patin, Tete, Nolen & Hanchey, Lake Charles, for defendant-respondent.
David A. Fraser, Brame, Bergstedt & Brame, Lake Charles, for American Indemnity Co.
Robert L. Hackett, Lake Charles, for plaintiff-applicant.
MARCUS, Justice.[*]
Jennings Jack Dofflemyer filed this suit against Gary D. Gilley, Frederick R. Moore, Sr., individually and as the administrator of the estate of his minor son, Frederick R. Moore, Jr., American Indemnity Company (American), and Government Employees Insurance Company (GEICO), seeking damages for personal injuries sustained by him when he was struck by a car driven by Gilley and owned by Moore, Jr. American is the liability insurer of the automobile owned by Moore, Jr., and GEICO is the homeowner insurer of Moore, Sr. Moore, Jr. was a passenger in the automobile at the time of the collision. Plaintiff alleged that Gilley and Moore, Jr. intentionally injured him. Alternatively, he alleged that his injuries were caused by the negligence of Gilley and Moore, Jr. Defendants generally denied the allegations of the petition and affirmatively set forth the defenses of assumption of risk and contributory negligence. Gilley filed a third party demand seeking indemnity from American. Moore, Sr. filed a similar third party demand against GEICO.
*437 After a trial by jury, a special verdict was rendered in the form of a special written finding on each issue of fact. In accordance with these findings, the trial judge rendered judgment in favor of defendants and against plaintiff dismissing his suit. It was further ordered that the third party demand of Gilley against American and that of Moore, Sr. against GEICO be dismissed. Plaintiff appealed and defendants answered the appeal. The court of appeal affirmed.[1] Upon plaintiff's application, we granted certiorari to review the correctness of this decision.[2]

FACTS
On June 26, 1976, at about 4:00 p. m., a group of approximately thirty persons was gathered in one of the parking areas at the Civic Center in Lake Charles, Louisiana. They were on the south side of Bord du lac Drive, a four-lane road with two lanes for travel in each direction. Plaintiff was in the crowd.
After arriving at the Civic Center, plaintiff asked two young girls to drive and pick up something to eat. When the girls returned, the car driven by Gilley pulled up behind them, and the girls told plaintiff they had been harassed by Gilley and Moore, Jr., the passenger in the car. Plaintiff approached the car and recognized Gilley. The two had served time together in the parish jail where plaintiff had befriended Gilley and protected him from the homosexual threats of another prisoner. Plaintiff told Gilley and Moore, Jr. to stop harassing the girls. After a brief exchange of words, Gilley suddenly and quickly drove off.
Gilley then proceeded to drive the car back and forth down the road and around the curve at the western end of the Center, attracting everyone's attention by driving at an excessive speed and in a reckless manner. On one of these passes, plaintiff yelled for Gilley to stop. Gilley stopped but sped away when plaintiff approached. On another pass, Gilley almost hit several children. The crowd became upset and there is testimony that a tire tool was thrown at the car on one of its passes. Also, there is testimony that Moore, Jr. threw a bottle out of the car at the crowd and the occupants of the car yelled obscenities at the crowd.
Plaintiff decided to stop the Gilley vehicle. According to plaintiff and his witnesses, plaintiff left the parking area, walked into the road across the center line and stood in the inside westbound lane waving his hands at the Gilley car, which was approaching from the west in the outside eastbound lane. Plaintiff testified that, as the Gilley car rounded the curve and came nearer, it left the eastbound lanes and crossed into the inside westbound lane where he was standing. He stated that he tried to jump out of the way but to no avail.
Gilley testified that immediately before the accident, he was driving in the inside eastbound lane and plaintiff was standing in his lane of travel waving his hands and telling him to stop. Gilley stated that he continued driving thinking that plaintiff would move out of the way as he had been walking across the roadway. He denied any intention to strike plaintiff. After impact, Gilley continued on without stopping and subsequently turned himself in to the police. He said he was afraid to stop at the scene of the accident for fear of the angry crowd.

ISSUES
The issues to be resolved in this litigation are: (1) whether Gilley intentionally struck plaintiff; (2) if not, whether Gilley and/or Moore, Jr. were negligent; (3) if either was negligent or if the collision was intentional, whether plaintiff's action is barred by either the defense of assumption of risk or that of contributory negligence; (4) if plaintiff is entitled to recover, the amount of damages; (5) if so, whether American and/or GEICO are liable for those damages *438 under their respective insurance policies; and (6) if Gilley and Moore, Sr. are cast in the main demand, whether they properly preserved their rights of indemnity, if any, under their third party demands against American and GEICO.

I.
The jury found that the accident was an intentional act on the part of Gilley. The standard of review of an appellate court of such a finding of fact is that the appellate court should not disturb the finding unless it is clearly wrong. The appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Here, the jury was clearly wrong in finding the collision to have been an intentional act on the part of Gilley. Such a conclusion is not supported by the record. Not only did Gilley deny an intention to strike plaintiff, but his actions are not indicative of such an intention. Nor does the record support any motive that would have induced Gilley to strike plaintiff. On the contrary, there was testimony that plaintiff had been Gilley's friend in prison and that just prior to the accident Gilley expected plaintiff to continue walking across the roadway. Accordingly, we conclude that the collision was not intentional.

II.
The jury found that the accident was caused by the negligence of both Gilley and Moore, Jr. Gilley was observed driving at an excessive speed, forcing other vehicles off of the road and almost hitting several children. Moreover, he continued to drive without slowing down or stopping after observing plaintiff in the roadway. Moore, Jr., a passenger in the car which he owned, apparently made no attempt to restrain Gilley during the course of the numerous passes they made. Also, there was testimony that Moore, Jr. threw a bottle at the crowd. Under the circumstances, there can be no serious doubt of their joint negligence. The record fully supports the jury's findings of negligence. Furthermore, Moore, Sr. is responsible for the negligence of his minor son. La.Civ.Code art. 2318.

III.
Having concluded that Gilley and Moore, Jr. were negligent, we next consider the defenses of assumption of risk and that of contributory negligence. We stated in Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971):
The determination of whether a plaintiff has assumed a risk is made by subjective inquiry, whereas contributory negligence is determined objectively under the reasonable man standard.
It is fundamental that, in order to assume a risk, one must knowingly and voluntarily encounter a risk which caused him harm. Plaintiff must understand and appreciate the risk involved and must accept the risk as well as the inherent possibility of danger because of the risk. Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La.1976); McInnis v. Fireman's Fund Insurance Co., 322 So.2d 155 (La.1975); Brantley v. Brown, 277 So.2d 141 (La.1973); Langlois, supra. Assumption of risk is an affirmative defense that must be specially pleaded. La. Code Civ.P. art. 1005. The burden of proving this defense is upon the defendant. Langlois, supra.
In the instant case, the defense of assumption of risk is based on the contention that plaintiff "voluntarily participated" in interfering with a moving vehicle, "with full knowledge that serious injuries could result." The jury concluded that plaintiff assumed the risk of injury by placing himself in the known position of danger.
In our view, the jury was clearly wrong. The record contains a factual dispute as to whether plaintiff was located in the inside eastbound or westbound lane when he was struck. Even assuming he was slightly in the eastbound lane as Gilley *439 maintains, there is no proof in the record that plaintiff knew or understood the risk of being struck by the car or that he accepted the risk as well as the inherent possibility of danger because of the risk. On the contrary, the record shows that plaintiff believed himself to be a friend of Gilley and that the roadway was more than wide enough to allow Gilley to drive around him. Furthermore, plaintiff testified that the visibility was excellent and that he had observed the Gilley car several hundred yards away before being struck; hence, he had every reason to believe that Gilley would see him in the roadway and would avoid him. Therefore, it was not obvious or apparent to plaintiff that Gilley would hit him. Under the circumstances, we conclude that defendants failed to carry their burden of proving that plaintiff assumed the risk.
Contributory negligence is also an affirmative defense that must be specially pleaded. Defendant bears the burden of proving it by a preponderance of the evidence. Contributory negligence is objectively determined under the reasonable man standard. McInnis v. Fireman's Fund Insurance Co., supra. Here, the jury determined that plaintiff was not guilty of contributory negligence. The record adequately supports this finding. In any event, plaintiff's alleged contributory negligence would not bar his claim because Gilley had the last clear chance to avoid the collision. See Dufrene v. Dixie Auto Insurance Co., 373 So.2d 162 (La.1979).

CONCLUSION
In sum, we find that the accident was caused by the joint negligence of Gilley and Moore, Jr. Moore, Sr. is liable as the father of Moore, Jr., who was a minor at the time of the accident. Furthermore, plaintiff's action is not barred by either the defense of assumption of risk or that of contributory negligence. Hence, the court of appeal erred in dismissing plaintiff's action.
As previously noted, if plaintiff is entitled to recover, we must determine (1) the amount of damages, if any, (2) whether American and/or GEICO are liable for these damages under their respective policies; and (3) if Gilley and Moore, Sr. are cast in the main demand, whether they properly preserved their rights of indemnity, if any, under their third party demands against American and GEICO. As the court of appeal affirmed the judgment of the trial court dismissing plaintiff's action, it did not address these issues. We therefore consider it more appropriate to remand the case to that court for it to determine and decide these issues.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal for further proceedings consistent with the views expressed herein.
DENNIS, J., concurs.
BLANCHE, J., dissents.
BLANCHE, Justice (dissenting).
I respectfully dissent.
The plaintiff admonished defendant, Gilley, who thereafter, for reasons unexplained by the record, began driving up and down the road in the civic center in a wanton and reckless manner. His actions were in such extreme disregard of the safety of himself and of others that he was afraid to stop after the accident due to fear of the crowd at the center. Surely anyone who would do other than stay in a place of safety under these exaggerated circumstances should be held to have assumed the risk. One might ask what prompted plaintiff to walk out in the road to stop the defendant. Evidently, he believed defendant would have had less courage than he had, and would have avoided the accident. He guessed wrong.
NOTES
[*] Chief Judge FREDERICK S. ELLIS participated in this decision as an Associate Justice Ad Hoc.
[1] 378 So.2d 440 (La.App. 3d Cir. 1979).
[2] 379 So.2d 1102 (La.1980).