395 So.2d 403 (1981)
Jennings Jack DOFFLEMYER, Plaintiff and Appellant,
v.
Gary D. GILLEY et al., Defendants and Appellees.
No. 7087.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Rehearing Denied March 23, 1981.
*404 Scofield, Bergstedt, Gerard, Hackett & Mount, Robert L. Hackett, Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Frederick L. Cappel, Jones, Patin, Tete, Nolen & Hanchey, Gregory P. Massey, Brame, Bergstedt & Brame, David A. Fraser, Lake Charles, for defendants-appellees.
Before CULPEPPER, GUIDRY and CUTRER, JJ.
CULPEPPER, Judge.
This case comes before us on remand from the Louisiana Supreme Court following reversal of our earlier decision in which we affirmed a jury verdict in favor of the defendants. See Dofflemyer v. Gilley, 378 So.2d 440 (La.App. 3rd Cir. 1979). The Supreme Court found, as had the jury, that the accident was caused by the joint negligence of the defendants, Gary D. Gilley and Frederick Moore, Jr. However, the high court concluded the jury was clearly wrong in finding that plaintiff had assumed the risk of injury by placing himself in a known position of danger. Dofflemyer v. Gilley, 384 So.2d 435 (La.1980).
In remanding the case, the Supreme Court has instructed us as follows:
"In sum, we find that the accident was caused by the joint negligence of Gilley and Moore, Jr. Moore, Sr. is liable as the father of Moore, Jr., who was a minor at the time of the accident. Furthermore, plaintiff's action is not barred by either the defense of assumption of risk or that of contributory negligence. Hence, the court of appeal erred in dismissing plaintiff's action.
"As previously noted, if plaintiff is entitled to recover, we must determine (1) the amount of damages, if any, (2) whether American and/or GEICO are liable for these damages under their respective policies; and (3) if Gilley and Moore, Sr. are cast in the main demand, whether they properly preserved their rights of indemnity, if any, under their third party demands against American and GEICO. As the court of appeal affirmed the judgment of the trial court dismissing plaintiff's action, it did not address these issues. We therefore consider it more appropriate to remand the case to that court for it to determine and decide these issues."
THE AMOUNT OF DAMAGES
Immediately after the accident, plaintiff was taken to a hospital where the doctors diagnosed an injury to the left ilium with a large hematoma above the crest of the ilium, lacerations to the left elbow, left knee and left ankle, and a laceration to the left flank. He was hospitalized a total of 15 days. Plaintiff additionally suffered several broken teeth, which were eventually extracted. Prior to the accident, plaintiff had been suffering from a peridontal condition. The teeth injuries probably caused him to lose the only 10 teeth he had before the accident, although these teeth were in poor condition.
In response to special interrogatories, the jury set plaintiff's damages at $4,200. Plaintiff's medical expenses following the accident totaled $2,809.56. This leaves an award of approximately $1,400 for general damages.
Considering the extent and nature of plaintiff's injuries, we find the award so inadequate as to constitute an abuse of the jury's discretion. Under the jurisprudence, we will increase the award to the lowest sum which was reasonably within the discretion of the jury. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Accordingly, we will increase the award from $4,200 to the sum of $10,000.
LIABILITY OF GEICO AND AMERICAN
At the time of the accident, Fred Moore, Jr. was an unemancipated minor. Thus, his father, Frederick Moore, Sr., is responsible *405 for the damages occasioned by his son. LSA-C.C. Article 2318. Liability against the defendant GEICO is sought on the basis of a homeowner's insurance policy issued to Frederick Moore, Sr. Under the policy, GEICO agreed to pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurence." However, the policy contains the following exclusionary provision:
"`This policy does not apply:
"1. Under Coverage EPersonal Liability and Coverage FMedical Payments to Others:
"a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
* * * * * *
"(2) any motor vehicle owned or operated by, or rented or loaned to any Insured; ..."
The term "insured" is defined in Section 8 of the policy as follows:
"a. "Insured" means
"(1) the Named Insured stated in the Declarations of this policy;
"(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured; ..."
Under these provisions, the issue is whether Fred was a resident of his father's household at the time of the accident.[1] The exclusion applies if Fred was a resident of his father's household. Thus, GEICO is liable if Fred was not a resident of his father's household at the time of the accident.
The evidence shows that Fred had lived with his parents until April 29, 1976, at which time he moved from his parents' home to another address in Lake Charles. Neither Mr. Moore nor his wife knew exactly where their son was living after this time. The accident occurred on June 26, 1976.
According to their testimony, the only way his parents could communicate with Fred after he moved was at his place of employment. Fred did return home from time to time for a meal or to wash his clothes. But, Mr. Moore testified that his son removed all of his belongings with the exception of two dress suits, which he never wore. Moreover, certain documents introduced at trial, namely a 1975 traffic ticket, a 1975 accident report, a 1975 W-4 Form (Employee's Withholdings Allowance Certificate), a 1976 W-2 Form (Wages and Tax Statement), a 1976 motel receipt, and an envelope with a 1976 postmark showed that Fred was using an address at 613 West Claude Street in Lake Charles, which was not his father's address.
A person's residence is determined from the particular facts of each case. Ladner v. Andrews, 216 So.2d 365 (La.App. 3rd Cir. 1968). Our Supreme Court in Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (La.1965) was confronted with a similar problem. There, an unemancipated minor left his home in Arkansas to reside with his uncle in Louisiana, where he worked. He moved those clothes necessary for his work and visited his parents when he had time off. The court concluded that the minor had only temporarily left his parents' home, and that he had not established a separate residence in Louisiana.
More recently in Branam v. Traders & General Ins. Co., 344 So.2d 1073 (La.App. 3rd Cir. 1977), a minor whose parents resided in Many, Louisiana, entered college at Northwestern University in Natchitoches. The minor shared an apartment with a friend, where he kept all of his clothes and was self-supporting. He would visit his parents about once a month for the week end and would sometimes wash his clothes *406 there. The court affirmed the trial court's finding that the minor's residence was in Natchitoches and not with his parents. See also Flannigan v. Valliant, 371 So.2d 349 (La.App. 4th Cir. 1979), where a minor who had removed all his personal belongings from his father's apartment, was self-supporting and chose voluntarily to leave home, was held not to be residing with his father.
In this case, we conclude the jury was clearly wrong in finding that Fred's residence was with his parents at the time of the accident. Unlike Taylor, Fred's voluntary decision to leave his parents' house was permanent, and he showed no intention of returning to or being dependent on his parents. Fred clearly was no longer a member of his father's household. Thus, the exclusionary provision in the GEICO policy is inapplicable.
The question of American's liability under its policy which covered the automobile of Fred Moore, Jr. is less difficult. After the trial, the jury found that the accident was an intentional act on the part of Gary G. Gilley. The Supreme Court, in reversing, concluded that the accident was not intentional. Thus, American cannot rely on the intentional act exclusion. Under American's policy, "persons insured" include:
"(2) Any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, ..."
The testimony shows clearly that Gary Gilley was driving Fred's car at the time of the accident with Fred's consent. Accordingly, American is liable under the policy issued to Fred Moore, Jr.
THIRD PARTY DEMANDS
The defendants, Gary Gilley and Frederick Moore, Sr., filed third party demands seeking indemnity from American and GEICO under their respective policies. The judgment of the trial court in favor of these defendants included an order dismissing the third party demands. However, defendants Gilley and Moore answered the appeal to protect their third party demands in the event of reversal of the main demand on appeal. The judgment of the trial court was affirmed by this Court. On plaintiff's application, the Louisiana Supreme Court granted certiorari and subsequently reversed the main demand. Neither Moore nor Gilley applied for writs to the Supreme Court.
On remand, American and GEICO contend that the judgment dismissing the third party demands is now final, and that Moore and Gilley have lost their rights under their third party demands. We disagree. As successful parties to the litigation, Moore, Sr. and Gilley could by answer to the appeal demand modification, revision or reversal of the judgment rejecting their third party demands. LSA-C.C.P. Article 2133. Both answered the appeal, Gilley contesting those portions of the jury's verdict which found that the accident was an intentional act on his part, and Moore, Sr. contesting the jury's finding that Fred Moore, Jr. was a resident of the household of Frederick Moore, Sr. As this Court affirmed the judgment of the lower court, neither of these issues was reached in our original decision. However, plaintiff's timely application for a writ of certiorari prevented the Court of Appeal judgment from becoming final. LSA-C.C.P. Article 2166 states in pertinent part:
"The judgment of the court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the Supreme Court for a writ of certiorari is timely filed."
Since, neither the trial court judgment nor our original decision has ever become final, defendants Moore, Sr. and Gilley still have their rights under their answers to the appeal to seek judgment on their third party demands.
DECREE
For the reasons assigned by the Supreme Court in its decision, 384 So.2d 435, and for *407 the further reasons assigned by this Court on remand as set out above, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Jennings Jack Dofflemyer, and against the defendants, Gary D. Gilley, Frederick R. Moore, Sr., individually and as administrator of the estate of the minor, Frederick R. Moore, Jr., Government Employees Insurance Company and American Indemnity Company, jointly and in solido, for the sum of $10,000, together with legal interest thereon from date of judicial demand until paid, and for all costs in the trial and appellate courts, the liability of American Indemnity Company being limited to its coverage of $5,000 under its policy.
It is further ordered, adjudged and decreed that there be judgment herein in favor of third party plaintiff, Frederick R. Moore, Sr. and against third party defendant, Government Employees Insurance Company, for any amount for which Frederick R. Moore, Sr. is cast on the main demand.
It is further ordered, adjudged and decreed that there be judgment herein in favor of third party plaintiff, Gary D. Gilley, and against third party defendant, American Indemnity Company, for any amount for which Gary D. Gilley is cast on the main demand, the liability of American Indemnity Company on the third party demand against it being limited to its coverage of $5,000 under its policy.
REVERSED AND RENDERED.
NOTES
[1] GEICO had previously moved for a summary judgment based on this issue. The trial court granted summary judgment in favor of GEICO, and defendant's father, Frederick Moore, Sr., appealed. This court, without ruling on Fred's actual residence, held summary judgment was improper and reversed. Dofflemyer v. Gilley, 360 So.2d 909 (La.App. 3rd Cir. 1978).