CULPEPPER, Judge.
Plaintiff alleges he was walking a picket line when he was struck by an automobile driven by defendant. The trial judge rejected plaintiff’s demand for damages. Plaintiff appealed. We affirm.
The substantial issue is whether the trial judge was clearly wrong in his finding of fact that: “Plaintiff assumed the risk of injury when he placed himself in front of defendant’s slow moving car.”
Both plaintiff, Jesse L. James, and defendant, Lacy C. Vance, were employees at the Dresser Industries Plant near Tioga. Plaintiff is a member of a labor union which was conducting a strike at the plant *707 at the time of the incident. The defendant is a member of another union and was a non-striking employee. On May 7, 1979, a temporary restraining order had been issued enjoining the union and its members from blocking the entrances to the plant. Despite the restraining order, on May 9, 1979, plaintiff and several strikers were walking in a circle in one of the plant entrances.
The defendant had attempted to return to work two days earlier but was prevented from doing so by the strikers. His foreman contacted him and instructed to come to work on May 9, after the injunction was obtained. At approximately 7:30 A.M. on May 9, the defendant, Mr. Vance, drove to work in his 1971 Datsun automobile and attempted to enter one of the plant entrances, but his passageway was blocked by a number of union strikers, one of which was the plaintiff. Mr. Vance testified that he turned into the driveway and, seeing the strikers, he momentarily stopped and then “inched” forward without using the accelerator. He stated that as he inched forward, the plaintiff moved up and struck the front of his car with his hands and then fell over backwards. Vance testified that then a group of strikers surrounded his car and started to hit it and also tried to kick out the lights and turn it over.
The plaintiff, Mr. James, testified that defendant first stopped and then “guzzled on” into him as he was standing in the picket line.
Plaintiff’s injuries were minor. He complained of a neck injury, but the doctors found only slight cervical muscle spasm from which he recovered in a few days.
Several witnesses testified about this incident at trial giving a variety of accounts supporting one side or the other. There were also varying accounts of the occurrence or non-occurrence of a similar incident about an hour later involving another non-striking employee, Cletus Stienhoff. It is alleged that Mr. Stienhoff attempted to enter the plant, but was blocked. As a deputy sheriff attempted to guide the car into the plant, another picketer was either struck by Mr. Steinhoff’s car or threw himself on the ground by the car.
An appellate court may not disturb a trial court’s evaluation of credibility and factual determinations unless the record reveals that the trial court’s decision is manifestly erroneous or clearly wrong. Areeneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The Louisiana Supreme Court in Dofflemyer v. Gilley, 384 So.2d 435 (La.1980) stated the requisites for the defense of assumption of risk:
“It is fundamental that, in order to assume a risk, one must knowingly and voluntarily encounter a risk which caused him harm. Plaintiff must understand and appreciate the risk involved and must accept the risk as well as the inherent possibility of danger because of the risk. Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La.1976); McInnis v. Fireman’s Fund Insurance Co., 322 So.2d 155 (La.1975); Brantley v. Brown, 277 So.2d 141 (La.1973); Langlois [Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133], supra. Assumption of risk is an affirmative defense that must be specially pleaded. La.Code Civ.P. art. 1005. The burden of proving this defense is upon the defendant. Langlois, supra.”
The trial court heard the contradictory versions of the incident described above. Apparently, he believed defendant’s version, under which he could have reasonably inferred that plaintiff understood and appreciated the risk of moving in front of defendant’s car, and that he accepted the inherent possibility of danger. Certainly, the trial judge was not clearly wrong in this finding of fact.
For the reasons assigned, the judgment appealed is affirmed at plaintiff’s cost.
AFFIRMED.