WILLIAMS, Judge.
This is an appeal from a decision by the trial court granting summary judgment in favor of defendant.
Plaintiff filed suit on behalf of his minor son for personal injuries he received when he was struck by a rental U-Haul truck being operated by defendant Marcotte. Marcotte was operating the truck at the request of Barbara Hingle who Greishaber was also assisting. Greishaber was injured and plaintiff sued Marcotti, Hingle, and U-Haul, as well as their insurers. Continental Insurance Company [“Continental”], the personal liability insurer of Barbara Hingle, was also a named defendant. Continental filed a motion for summary judgment requesting its dismissal from the suit, which was granted by the trial judge. It is from this decision that plaintiff now appeals.
Barbara Hingle rented a U-Haul truck in order to move some furniture. She was assisted by Louis Marcotte and Lee Greish-aber. After having completed one trip with a load of furniture, the truck returned to Hingle’s home in Marrero to be loaded for a second trip. Marcotte had parked the truck in the front yard too close to the house and had to move it forward in order that the loading ramp could be fully extended. Apparently due to a problem with the clutch, the truck jolted backward when he started it, and the loading ramp struck and injured Greishaber.
At issue is whether Continental’s personal liability insurance on defendant Hingle excludes coverage for an accident such as the one which occurred in this case. The pertinent provision of the insurance policy states as follows:
“EXCLUSION: This insurance does not apply ... (b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: (1) any automobile or aircraft owned or operated by, or rented or loaned to any insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by any insured; but this exclusion does not apply to the parking of any automobile on insured premises, if such automobile is not owned or rented or loaned to any insured.”
The major issue before this court on appeal, therefore, is whether the trial court properly granted summary judgment on the basis of the exclusory language contained in the insurance policy.
*307 The plaintiff has relied upon the Third Circuit decision of Dofflemeyer v. Gilley, 395 So.2d 403 (La.App.3d Cir.1981). In Dofflemeyer, the tortfeasor was the son of the insured. The insurance policy contained language similar to that which is contained in Continental’s insurance policy for defendant Hingle. In Dofflemeyer, the court held that the provision did not apply to the defendant’s son because he was found not to be an insured under the policy. In the instant case, plaintiff argues that Marcotte was not an insured under Hingle’s policy, and, therefore, the exclusion does not apply.
Continental relies upon the Louisiana Supreme Court decision Picou v. Ferrara, 412 So.2d 1297 (La.1982), which, as appellee points out in his brief to this court, was decided subsequently to Dofflemeyer. Pi-cou also involved a similar exclusionary clause in the insurance policy: coverage of an employee while in the employment of the insured, was specifically excluded. In Picou, the Supreme Court held that' this exclusionary clause was applicable in an accident that arose when a plaintiff was hurt by a car operated by the defendant while on an errand for his employer at the time of the accident.
According to the policy issued by Continental to Barbara Hingle in this case, Mar-cotte is an insured. The policy defines “insured” as “any other person operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization.” Because there has been no evidence that there is other valid and collectible insurance available, the decision of the trial court finding Marcotte an insured, and therefore that the exclusionary clause was applicable was correct. The trial court was properly granted the motion for summary judgment on this basis.
Plaintiff, however, argues that Hin-gle is also liable because she failed to provide adequate supervision for the move. Plaintiff argues that this is a separate and distinct cause of action based upon defendant Hingle’s independent negligence. In its memorandum in opposition to motion for summary judgment, plaintiff failed to assert this “independent and separate” cause of action. In brief to this court, the plaintiff claims that Hingle’s negligence is apparent from the depositions of Marcotte and of Hingle. After reading the depositions, we are unable to find any evidence that would be sufficient to raise the issue of negligence. See generally Badeaux v. East Jefferson Gen. Hosp., 364 So.2d 1348 (La.App. 4th Cir.1978).
For the foregoing reasons, the decision of the trial court dismissing Continental Insurance Company on summary judgment is AFFIRMED.
AFFIRMED.
SCHOTT, J., concurs.