SCHOTT, Judge.
On the application of Aetna Casualty and Surety Company we granted certiorari to consider the validity of the trial judge’s denial of Aetna’s motion for summary judgment. This suit arose out of a multi-vehicle accident which occurred on the Greater New Orleans Mississippi River Bridge on March 9, 1982. Plaintiffs were injured when an automobile driven by the decedent, Eric Grunsten, crossed the center line and collided with their automobiles. Named as defendants were decedent’s insurer, Acceptance Insurance Co., decedent’s parents, Dr. and Mrs. Russell Grun-sten and their insurer, Aetna. The claims against Aetna are based upon three insurance policies issued to Dr. Grunsten for automobile liability, homeowner’s liability, and personal excess liability (umbrella). Aetna moved for summary judgment seeking dismissal under each policy for lack of coverage, relying on certain exclusions in the policies. The motion was denied by the trial judge, and Aetna applied to this court for supervisory writs. The issue is whether one’s automobile liability, homeowner’s liability, and umbrella policies provide liability coverage to his child who is of full age of majority and resides with him but is driving his own automobile at the time of the accident.
The supervisory jurisdiction of this court is properly exercised upon a refusal of a trial judge to grant summary judgment where a reversal will terminate the litigation as to that defendant and when there is no dispute of facts to be resolved. Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4th Cir.1985), writ denied, 469 So.2d 979 (La.1985). In this case, Aetna alleges that it provides no coverage under any of the three policies copies of *203 which are a part of the record. The undisputed facts are that at the time of the accident Eric Grunsten was driving a 1976 Pacer owned by him and insured under a policy issued by the Acceptance Insurance Co. Eric was twenty-two years of age and resided with his parents.
The first policy under which plaintiffs seek recovery is an automobile policy issued to Dr. Grunsten providing in pertinent part:
Under the Liability and Medical Expense coverages, the following are insureds: (b) with respect to a non-owned automobile
(2)a relative[.]
A relative is defined as:
... a person related to the named insured by blood, marriage or adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile.
(Automobile Policy, Page 1)
The 1976 Pacer involved in the accident is not listed in the policy as one of Dr. Grunsten’s owned automobiles. Further there is documentation which shows that the car was owned by the decedent at the time the accident occurred. The policy clearly excludes relatives of the insured who own a private passenger automobile, and as such provides no coverage for Eric Grunsten, the owner and driver of the 1976 Pacer.
The second policy under which the plaintiffs seek recovery is a homeowner’s policy issued to Dr. Grunsten in which the following exclusion is included:
This policy does not apply:
a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
(2) any motor vehicle owned or operated by or rented or loaned to any insured.[.]
(Homeowners Policy, Page 4 HO-3)
As a resident of Dr. Grunsten’s household, Eric Grunsten clearly fits within the definition of “insured” found in this policy:
If residents of the named insured’s household, his spouse, the relatives of either, and any other person under the age of 21 in the care of any insured.
(Homeowners Policy, General Conditions, Page 4)
However, because plaintiffs’ injuries clearly arose out of the operation of Eric Grunsten’s motor vehicle, he is specifically and unambiguously excluded from coverage under Dr. Grunsten’s homeowner’s policy. Picou v. Ferrara, 412 So.2d 1297 (La.1982); Grieshaber v. Marcotte, 454 So.2d 305 (La.App. 4th Cir.1984).
The third policy under which the plaintiffs seek recovery is a personal excess indemnity policy issued to Dr. Grunsten which covers the named insured as well as any relative of the insured with the following provisions:
(2) any relative, but with respect to the ownership, maintenance, operation, use, loading or unloading of any automobile or recreational vehicle, only as provided in the following paragraphs 3(a) and 3(b). 3(b) any relative while using an automobile or recreational vehicle not owned by or furnished for regular use to such relative. ...
(Personal Excess Indemnity Policy, Page 1)
Therefore, since decedent was using an automobile owned by him, he is excluded from coverage by the clear wording of the policy.
Plaintiffs contend that there is some doubt or ambiguity as to the meaning of provisions of these policies, so that they be construed against the insurer. Carter v. Deitz, 478 So.2d 996 (La.App. 4th Cir.1985). However, the Aetna policies in question are not vague or ambiguous, but rather, clearly deny coverage to decedent for the claims of plaintiffs.
We find that because the three cited policies provide no coverage for plaintiffs’ injuries and because there is no genuine issue as to material fact, Aetna is entitled to summary judgment as a matter of law. *204 Accordingly, the judgment of the trial court is reversed and Aetna’s motion for summary judgment is granted. There is judgment in favor of Aetna and against plaintiffs dismissing their suits against Aetna at their cost.
REVERSED AND RENDERED.