**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
**Respondent,**

v.

**AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, et al.,**
**Appellants,**

**State Farm Mutual Auto Insurance Company, Intervenor-Respondent.**

**No. WD 39612.**

Missouri Court of Appeals,
Western District.

Sept. 13, 1988.

---

Max Von Erdmannsdorff, Kansas City, for appellants Automobile Club Inter–Ins. Exchange, et al.

Paul G. Schepers, William J. Burrell, Kansas City, for respondent American Family Mut. Ins. Co.

Patrick C. Cena, Kansas City, for respondent State Farm Mut. Auto Ins. Co.

Before KENNEDY, C.J., and TURNAGE and BERREY, JJ.

KENNEDY, Chief Judge.

Automobile Club Inter–Insurance Exchange ("AAA") appeals from a declaratory judgment that neither American Family Insurance Company nor State Farm Insurance Company provided liability coverage for Trenton J. McClintock who was involved in an automobile accident in which Stephanie and Kevin Rahija were injured on August 27, 1984. The judgment was based upon a fact finding by a jury verdict (*see* Rule 87.06; *State Farm Fire & Cas. Co. v. Powell*, 529 S.W.2d 666 (Mo.App. 1975)), that Trenton did not "live with" either his father, William Ray McClintock (American Family's insured), or his mother, Glenda Butts (State Farm's insured). The parents were divorced and lived in separate residences. William Ray McClintock had legal custody of Trenton by the terms of the divorce decree.

The judgment is affirmed.

The facts are as follows:

The parties involved in the August 27, 1984, accident were Trenton McClintock and Stephanie and Kevin Rahija. Trenton J. McClintock, 16 years old, was driving an uninsured car which was owned by Richard Townsend. Stephanie Rahija's car collided with the car driven by Trenton McClintock. Stephanie and Kevin Rahija claimed that they were injured as a result.

The Rahijas carried uninsured motorist coverage on their automobile in an insurance policy issued by AAA, and the question in the case is whether Trenton was an "uninsured motorist". AAA conterds he was not—that he was covered either by his father's American Family policy or his mother's State Farm policy. The resolution of this question depends in turn upon whether he "lived with" the one or the other.

Trenton's mother and father were divorced in 1975 and each maintained insurance coverage on his or her own automobile. William Ray McClintock, Trenton's father, carried an automobile insurance policy with American Family. Glenda Butts, Trenton's mother, carried an automobile insurance policy with State Farm. Each of the two insurance policies afforded liability coverage to persons other than the named insureds or their spouses including their "relatives" when driving a "non-owned" car. The policies defined a "relative" as a person who is related to the named insureds or their spouses by blood, marriage, or adoption, and who "lives with" (State Farm) or who "lives in the household of" (American Family) the named insureds.

American Family maintained that Trenton McClintock did not "live with" its insured, Trenton's father, William Ray McClintock. State Farm maintained that Trenton did not "live with" its insured, Trenton's mother, Glenda Butts. The specific facts regarding Trenton's residence will be discussed in detail at a later point in this opinion.

At trial, a jury by separate verdicts found that Trenton J. McClintock resided with neither his mother nor his father on August 27, 1984. The trial court in pursuance thereof entered a declaratory judgment in favor of American Family and State Farm. This appeal followed.

I

AAA raises two points in its appeal. First, it argues that the trial court erred in refusing its proferred instruction that the jury must find that Trenton J. McClintock, "as a matter of law, ... was domiciled, either with his father ... or his mother ..." on August 27, 1984. Secondly, AAA argues that the trial court erred in failing to give a definitional instruction of the term "living with."

AAA's first point is denied.

▮▮▮ AAA argues that Trenton J. McClintock, as a matter of law, resided with either his mother or his father. This is not so. While there is a presumption that a child's residence is that of his custodial parent, this does not mean that a minor as a matter of law necessarily lives with one or the other of his parents. *See Jackson v. Shannon County Department of Social Services*, 592 S.W.2d 320, 321 (Mo.App.1979); *see also Phelps v. Phelps*, 246 S.W.2d 838, 845 (Mo.App.1952). Residence does not depend upon a legal relationship, although a legal relationship may be a relevant factor in determining residence. Residence depends upon a person's physical location coupled with his intent to remain there for an indefinite period of time. *State Farm Mutual Automobile Insurance Company v. McBride*, 489 S.W.2d 229, 232 (Mo.App.1972); *Clarkson v. MFA Mutual Insurance Company*, 413 S.W.2d 10, 14 (Mo.App.1967). Residence is a question of fact. *Countryside Casualty Company v. McCormick*, 722 S.W.2d 655, 658 (Mo.App.1987); *Clarkson*, 413 S.W.2d at 15.

In reviewing the finding of the jury in a declaratory judgment action, this Court must consider the evidence in the light most favorable to the jury verdict, giving them the benefit of all reasonable inferences and disregarding all contrary evidence. *Elliott v. Johnston*, 673 S.W.2d 807, 809 (Mo.App.1984).

■ There was sufficient evidence for the jury to find that Trenton McClintock did not reside with his father, William Ray McClintock. Trenton had moved out of his father's home in early August 1984, some three weeks prior to the occurrence of the accident. His possessions had been moved from his father's house to his mother's garage—by his father and his brother, or by himself. At the time of his moving, he had no plans to return in the future and knew that he was not welcome to return. He stated that he stayed "just here and there" for a period of time before attempting to move in with his mother. For a period of time, he lived with his girlfriend, Serena McCormick. His father testified that there were no plans for Trenton to move back in with him. Although William Ray McClintock had legal custody of Trenton, this factor alone does not override the other factors. Thus, the evidence justified the finding that Trenton did not live with his father.

■ There was sufficient evidence also for the jury to find that Trenton did not reside with his mother, Glenda Butts. Glenda Butts did not have legal custody of Trenton. Mrs. Butts told Trenton when he wanted to move back in with her—after his moving out of his father's house—that he would have to attend school in order to live with her. Prior to school's commencing Trenton stayed at his mother's house about 50–60% of the time from early to mid-August until three to four weeks after the accident. When he stayed at his mother's home, he slept on the basement floor or on a couch because his old room had been rented out to a boarder. Trenton did not stay at his mother's the night before the accident, and his mother did not know where he was on the day of the accident. Trenton did not enroll in school when the school year began. Shortly after the accident, Trenton McClintock no longer stayed at his mother's house. Beginning three or four weeks after the accident, he stayed with friends by the name of Schrader, and later on, Hollingsworth; four and a half months "in Clay County"; then in Independence for a while. He may have moved back with his father in September, 1985,

for a month or two. He was then arrested and spent some time in the boys' reformatory. The evidence, viewed most favorably to the verdict, justified the finding that Trenton McClintock did not live with his mother, Glenda Butts, on August 27, 1984.

Other jurisdictions have also found that a child's residence may be different from that of his parents. *See Dofflemyer v. Gilley,* 395 So.2d 403 (La.App.1981); *French v. State Farm Mutual Automobile Insurance Co.,* 372 N.W.2d 839 (Minn.App. 1985); *Flannigan v. Valliant,* 371 So.2d 349 (La.App.1979). These jurisdictions recognize, just as this Court recognizes here, that the residence of a child is a question of fact. *Dofflemyer,* 395 So.2d at 405.

## II

Appellant's second point on appeal is that the trial court erred when it did not give a definitional instruction of the term "living with" or "living in the same household".

This point is denied.

■ The decision to submit a definitional instruction is within the sound discretion of the trial judge. *DeWitt v. American Family Mutual Insurance Co.,* 667 S.W.2d 700, 711 (Mo. banc 1984). The principle is well established that "[w]ords in instructions which have common usage and which are generally understood need not be defined." *Steffens v. Paramount Properties, Inc.,* 667 S.W.2d 725, 727 (Mo.App.1984). The terms "living with" and "living in the same household" are common, well-understood concepts and they need not be defined. Therefore, there was no abuse of discretion in failing to give a definitional instruction of the term.

■ Appellant may only complain of the failure to give a definitional instruction if he offered a correct definition. *Kansas City Southern Railway Co. v. Payway Feed Mills, Inc.,* 338 S.W.2d 1, 10 (Mo. 1960); *see also In the Estate of Fugett,* 596 S.W.2d 66, 70 (Mo.App.1980). In this case, the definitional instruction offered by Appellant was part of an incorrect instruction, discussed in the first point, that Trenton

McClintock had to reside with one of his parents as a matter of law. Appellants offered no separate definitional instruction of the term "living with" when its requested instruction was refused. Appellant may not now complain.

The judgment is affirmed.

All concur.