**Diana McCANCE, Plaintiff-Appellant,**

v.

**FARMERS INSURANCE COMPANY, INC., Defendant-Respondent.**

**No. 56509.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 23, 1990.

Dallas W. Cox, Jr., St. Louis, for plaintiff-appellant.

Brinker, Doyen & Kovacs, P.C., Jeffrey J. Brinker, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff, Diana McCance, filed a petition to recover for personal injuries sustained in a motor vehicle collision which occurred on April 9, 1984. On that occasion she was a passenger in an uninsured motor vehicle owned and operated by Robert Crews. She sued Crews claiming negligence and Farmers Insurance Company in order to recover under uninsured motorist's provisions of five insurance policies issued by Farmers to Duane Schneider, her father. This appeal follows summary judgment entered by Circuit Judge Kenneth M. Weinstock on four policies and Circuit Judge William M. Corrigan on the fifth policy and after dismissal without prejudice of plaintiff's claim against defendant Robert Crews.

The decisive issue in this appeal is whether summary judgments were properly entered under Rule 74.04 based on summary judgment facts from which the court could find no genuine issue as to any material fact and defendant Farmers was entitled to a judgment as a matter of law. Our review "is equivalent to a court-tried or equity proceeding and if, as a matter of law, the judgment is sustainable on any theory, it must be affirmed." *McCready v. Southard*, 671 S.W.2d 385, 387 (Mo.App.1984).

■ Defendant moved for summary judgment on two grounds: (1) plaintiff owned a 1979 Colt automobile and the policy issued to her father on that vehicle had been cancelled prior to the injuries; and, (2) plaintiff was not covered by uninsured motorist insurance under any of the five Farmers Insurance Company policies because she owned a motor vehicle in her own name and was not a resident of her father's household at the time of the casualty, conditions which excluded coverage by provisions in the policies. We affirm on the latter ground.

Undisputed summary judgment facts support the judgments. At the time of the casualty plaintiff was eighteen years of age. She was the registered owner of a 1979 Dodge Colt automobile. For two and one half months prior to the collision she resided in a house trailer with a friend. She was in the process of taking her belongings from the house trailer to her parent's home when the accident happened. Her deposition testimony confirms that she was leaving "my trailer out on PP"; she spent the night before the accident "in my trailer"; she considered the trailer to be her residence at the time of the accident "because [that was where] all my mail come [sic] to me"; she paid the rent on the trailer; she was supporting herself with employment as a waitress, earning an hourly wage plus tips of $100 to $150 per week; she kept all her belongings in the trailer. Affidavits filed by plaintiff and her father in opposition to the motion for summary judgment denied timely cancellation but failed to deny any of these facts regarding ownership of her own automobile or residency in the house trailer.

All five insurance policies issued to Duane Schneider by Farmers Insurance Company contained identical provisions for uninsured motorist coverage. The relevant provisions are definitions of "named insured," "insured" and "resident." The parties agreed Duane Schneider was the only name shown on Farmers' policies. With respect to a non-owned automobile the term "insured" is "the named insured or a relative." "Relative means a relative of the named insured who is a *resident of the same household,* provided neither such relative nor his spouse *owns* an automobile." (Our emphasis).

Plaintiff, Diana McCance, was not a "relative" as that term is defined in Farmers' policies. She was not a resident of her father's household at the time of the collision, nor was she eligible for coverage, because she was the registered owner of an automobile at the time. The exclusion of an owner of an automobile from the policy definition of "relative" has been recognized and upheld. *Famuliner v. Farmers Insurance Co., Inc.,* 619 S.W.2d 894 (Mo.App.1981); *Lightner v. Farmers Insurance Co., Inc.,* [S.D. 8189]. The public policy expressed in § 379.203 RSMo 1986 is not violated by finding Diana McCance was not afforded uninsured motorist coverage because she was not qualified, by definition, as an insured for liability purposes. *Adams v. Julius,* 719 S.W.2d 94, 104 (Mo. App.1986). Accordingly, plaintiff as the owner of her own automobile did not have liability coverage or uninsured motorist coverage under Farmers' policies while occupying a non-owned automobile.

■ Plaintiff admits she was not a resident of her father's household when the accident occurred. Residency in a liability insurance policy is determined by a person's physical location coupled with his or her intent to remain there, and not by any legal relationship. *American Family Mutual Insurance Co. v. Automobile Club Inter–Insurance Exchange,* 757 S.W.2d 304, 306 (Mo.App.1988); *State Farm Mutual Automobile Insurance Co. v. McBride,* 489 S.W.2d 229, 232 (Mo.App. 1972). It has also been held "resident of" and "living in the same household" are synonymous in this context. *Countryside Casualty Co. v. McCormick,* 722 S.W.2d 655, 659 (Mo.App.1987). A review of plaintiff's deposition testimony confirms she intended to and did reside separately from her father in a house trailer on which she paid the rent for two and one half months immediately prior to the casualty. During that time she therefore "resided" in her own abode, separate and apart from her father's household. The fact that at the time of the accident she was eighteen years old, a minor, is immaterial. *McBride,* 489 S.W.2d at 232.

At the time of the collision plaintiff was not insured as a relative of her father. None of Farmers' policies issued to plaintiff's father afforded uninsured motorist coverage for plaintiff. Summary judgments on these undisputed facts were proper as a matter of law.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.