ALYSSA MURPHY & another[1] *vs.* CHRISTOPHER NOONAN & another.[2]
No. 89-P-1436. May 13, 1991. *Insurance*, Liability insurance, Construction of policy. *Contract*, Insurance.

The plaintiff, Alyssa Murphy, was severely injured by an automobile operated and owned by the defendant, Christopher Noonan. She brought a negligence action against Noonan and a declaratory judgment action against the Lumbermens Mutual Casualty Company (Lumbermens) to determine if a personal catastrophe liability policy issued by it to Noonan's mother provided coverage for him in this accident. On a motion for summary judgment filed by Lumbermens, the judge in the Superior Court ruled that no coverage was provided under the policy and allowed final judgment to enter under Mass.R.Civ.P. Rule 54(b), 365 Mass. 821 (1974). The plaintiffs appealed.

The policy provides that Lumbermens "will pay that portion of the damages for personal injury or property damage a covered person is legally responsible for which exceeds the retained limit." The parties do not dispute that Noonan is a covered person (that term is defined to include "family member[s]"). At issue is the interpretation to be given to exclusion clause (c), which provides that the policy does not apply to "[a]n auto owned by a family member or furnished for his regular use. This exclusion does not apply to you or to an auto you own. . . ."

The plaintiffs contend that the clause is ambiguous, for it does not state that it applies to covered persons or personal injuries caused by an auto owned or furnished for the regular use of a family member. They argue also that the clause is susceptible of only two reasonable interpretations, one being that the exclusion applies only to third persons operating an auto owned or regularly used by a family member and the second, that it applies only to property damage. While it is ordinarily true that ambiguities found in an insurance policy are to be resolved against an insurer and the construction more favorable to the insured is to be adopted, *Morin v. Massachusetts Blue Cross, Inc.*, 365 Mass. 379, 384 (1974); *Pinheiro v. Medical Malpractice Joint Underwriting Assn. of Mass.*, 406 Mass. 288, 294

[1]J. Douglas Murphy, the father of Alyssa Murphy, in his individual capacity and as next friend of Alyssa Murphy.

[2]Lumbermens Mutual Casualty Company.

(1989), it is equally true that a court cannot alter the clear terms of a contract and by doing so place the parties in a position different than that for which they bargained. *Thomas* v. *Hartford Acc. & Indem. Co.*, 398 Mass. 782, 784 (1986). *Jefferson Ins. Co. of New York* v. *Holyoke*, 23 Mass. App. Ct. 472, 474-476 (1987).

When the language of the exclusionary clause is given its plain meaning in the context of the entire insurance contract, *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.*, 359 Mass. 221, 226 (1971); *Jefferson Ins. Co. of New York* v. *Holyoke*, 23 Mass. App. Ct. at 475-476, it is susceptible of only one interpretation: liability coverage does not extend to automobiles owned by or furnished for the regular use of the named insured's family members. Other courts have reached the same or similar conclusions. *Sheehan* v. *Lumbermens Mut. Cas. Co.*, 504 So. 2d 776, 780 (Fla. Dist. Ct. App. 1987)(personal catastrophe policy). *Thomas* v. *Estate of Grunsten*, 492 So. 2d 201, 203-204 (La. Ct. App. 1986) (personal excess indemnity policy of Aetna Casualty and Surety Company). See also *South Carolina Ins. Co.* v. *Heuer*, 402 So. 2d 480 (Fla. Dist. Ct. App. 1981)(automobile policy). To adopt the interpretation urged by the plaintiffs would distort the plain language of the policy, *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.*, 359 Mass. at 227, and render inexplicable or useless other exclusionary clauses such as (b) "[d]amage to property a covered person owns"; (e) "[w]atercraft"; (g) "[a]ny auto, recreational vehicle or watercraft other than a sailboat, while preparing for or engaging in any race, speed contest or any other competitive event"; and (h) "[a]ircraft." See *Worcester Mut. Ins. Co.* v. *Marnell*, 398 Mass. 240, 245 (1986).

The judge correctly ruled as matter of law that the clear and unambiguous terms of the exclusion clause (c) precluded recovery for the injuries caused to the plaintiff by Christopher Noonan's car.

*Judgment affirmed.*

*David A. McLaughlin* for the plaintiffs.
*John P. Graceffa* for Lumbermens Mutual Casualty Company.