Butler, J.
The plaintiffs move and the defendants cross-move for summary judgment in this declaratory judgment action, which also includes a claim under G.L.c. 93A. This dispute concerns interpretation of a contract of insurance.
BACKGROUND
The undisputed facts are as follows:
The plaintiffs, Ralph W. Hakim and Mary F. Hakim, purchased a homeowners policy of insurance from the defendant Abington Mutual Fire Insurance. The policy was in effect when, on October 8, 1992, one of the Hakims’ neighbors noticed and reported to authorities that oil was being discharged into a stream about 90 feet from the Hakims’ residence (the premises). The next day, the Massachusetts DEQE inspected the site and issued to the Hakims a Notice of Responsibility under G.L.c. 2IE.
In response, the plaintiffs hired a firm to perform the necessary clean up work, thereby incurring considerable expense.
The plaintiffs also investigated the cause of the oil spill, which turned out to be a pipe on their property which had ruptured and leaked about 100 gallons of fuel oil.
The plaintiffs filed a timely notice of claim with the defendant, seeking reimbursement for the clean up costs. The defendant agreed to pay for costs incurred for property damage located off the plaintiffs’ premises. However, relying upon an exclusion for property damage to property owned by the insured, the defendant declined to pay for that portion of the clean up costs attributable to the plaintiffs’ own property.
This suit ensued. Both parties agree the case should be decided on the cross motions for summary judgment.
DISCUSSION
The court’s task is to sort out what is covered from what is excluded.in this insurance contract. Construction of an unambiguous insurance policy is no different than construction of any other contract; it should and must be construed according to the plain meaning of the language of the policy. Jefferson Ins. Co. of New York v. Holyoke, 23 Mass.App.Ct. 472, 475 (1987). Provided that the terms of the policy are unambiguous, they are to be construed and enforced in their usual and ordinary sense. Id. The policy should be *336 read as an entire document. Murphy v. Noonan, 30 Mass.App.Ct. 950, 951 (1991), rev. den’d 410 Mass. 1103 (1991). Where the terms of the policy are clear, “a court cannot alter (them) and by doing so place the parties in a position different than that for which they bargained.” Id.
With these principles in mind, we turn to the policy iLself. Section I (Property Coverages) contains five categories of coverage:
Coverage A — Dwelling
Coverage B — Other Structures
Coverage C — Personal Property
Coverage D — Loss of Use
Additional Coverages 1-8
Section I also contains Perils Insured Against, Exclusions, and Conditions.
Section II (Liability Coverages) contains Coverage E (Personal Liability) and Coverage F (Medical Payments to Others). It also contains Exclusions, Additional Coverages and Conditions.
Since land is not listed anywhere in Section I as covered property, this section does not afford coverage to the Hakims, and indeed, they do not make any argument that it should.[1] Incidentally, a specific exclusion from Section I, Perils Insured Against, for Coverages A and B is loss caused by “release, discharge or disposal of contaminants or pollutants.” P. 5 ¶2(0(5).
The Hakims rely instead on Section II (Liability Coverages) and specifically, “Coverage E — Personal Liability”:
If a claim is made or suit is brought against an insured for damages because of. . . property damage caused by an occurrence to which this coverage applies, we will [indemnify and defend).
The defendant concedes that the rupture of the fuel line and consequent leak constituted an “occurrence” under the policy.
Immediately following “Section II — Liability Coverages” are “Section II — Exclusions,” in which appears:
2. Coverage E — Personal Liability, does not apply to: ... b. property damage to property owned by the insured.
The sole issue, according to the parties, is the interpretation of the exclusion for “property owned by the insured” (sometimes referred to as the “owned property exclusion”).
There is no Massachusetts appellate case specifically interpreting this exclusion.[2] The cases relied upon by the plaintiffs, while instructive, are not binding on this court, and construed policies which were written at earlier times than the Hakim policy.
The Superior Court case relied upon by the plaintiff, Stupp v. Taylor & Murphy, Inc., Middlesex Civil #90-4093 (12-23-91), concerned a homeowner’s policy which did not contain a “pollution exclusion” clause (see Stupp, p. 3 n.4), a fact deemed “significant” by the judge. In Stupp, summary judgment was granted to the homeowner against an insurer who claimed, inter alia, that action by the D.E.P. requiring clean up of a spill was not a “third party” claim entitling it to coverage, that the spill was not an “occurrence,” and finally, that the “owned property” exclusion prevailed.
After determining that there was a third party claim and the spill was an occurrence, the Stupp court decided that the owned property exclusion did not bar recovery of plaintiffs clean up costs albeit on plaintiffs own property, relying on language in Allstate Insurance Company v. Quinn Construction Co., 713 F.Supp. 35 (D.Mass. 1989): “(i]n the context of environmental contamination, where prevention can be far more economical than post-incident cure, it serves no legitimate purpose to assert that soil and groundwater pollution must be allowed to spread over boundary lines before they can be said to have caused the damage to other people’s property which liability insurance is intended to indemnify.” Allstate, at 41.[3]
In the Allstate case, Allstate insured a gasoline station (Warren) for property damage. INA and National Union were the liability carriers for the relevant time periods. When gasoline was discovered to have leaked from pipes on Warren’s property onto an abutter’s property, the DEQE ordered Warren to conduct investigative and remedial measures. Allstate reimbursed Warren for the costs, which were substantial. Allstate sued INA and National Union in subrogation to recover its payments to Warren.
INA and National Union advanced several defenses to Allstate’s claim, including their liability policies’ “owned property” exclusions. Allstate, in turn, contended that the owned property exclusion does not apply to clean up activities performed on or below the insured’s property to prevent contamination of another’s property.
The Allstate court interpreted two policies of insurance, dated 1980 and 1982. The court looked to other jurisdictions which have held that the language of the owned property exclusion does not bar recovery for environmental clean up costs. Those courts, and the Allstate court, implicitly found the exclusion to be ambiguous and then proceeded to interpret it in a reasonable manner; i.e. that providing coverage for clean up before the pollutant migrated or further migrated onto another’s properly was a desirable goal both for the environment and to save insurers money in the long run.
While the reasoning advanced in the Allstate and Stupp cases is compelling from an environmental policy point of view, it is not supported by this policy’s unambiguous language in the “owned properly” exclusion. Similar language was given full effect by the court in Travelers Ins. Co. v. Waltham Indus. Laboratories, 722 F.Supp. 814, 829 (D.Mass. 1988), in which the Court noted that “liability insurance is designed to provide compensation for damages to property not owned or controlled by the insured.”
*337 Therefore, based on its plain language, the exclusionary language contained in Section II — Exclusions C1I2 (Coverage E “personal liability does not apply to property damage to property owned by the insured”), when read either on its own or in harmony with the entire policy, does not afford coverage to loss from pollutants sustained on the insured’s own property. Accordingly, summary judgment shall enter for the defendant insurance company on the plaintiffs’ claims for breach of contract and violation of the Massachusetts Consumer Protection Act, and on the defendant’s counterclaim for declaratory relief.
ORDER
The plaintiffs motion for summary judgment is DENIED. The defendant’s motion for summary judgment is ALLOWED. Judgment shall enter for the defendant, Abington Mutual Insurance Company, declaring that it does not owe coverage to Ralph W. Hakim and/or Mary Hakim with respect to costs incurred for clean up of the Hakims’ own property under any portion of homeowner’s policy #HPO 177212 with regard to an oil leak at 7 Sherbrook Drive, Dover, Massachusetts on or about October 8, 1992.

The policy states: ‘This coverage does not apply to land, including land on which the dwelling is located” (“dwelling” refers to the residence premises of the insured, stated on the Declarations Page to be 7 Sherbrooke Drive, Dover).

The defendant takes out of context a passage from Hanover New England Ins. Co. v. Smith, 35 Mass.App.Ct. 417, 421 (1993) (“a loss to a dwelling directly (i.e. immediately) caused by the release of a contaminant is an excluded loss”); the Smith decision concerned policy exclusions which differentiated between direct and ensuing losses, and did not address an “owned property exclusion.”

On January 19, 1990 the Federal District Court vacated this Memorandum and Order and ensuing judgment without stating a reason. The Court also Ordered the action dismissed with prejudice. 784 F.Supp. 927 (D.Mass. 1990) Although these cases are therefore of limited precedential value, they are discussed at length because they accurately represent the plaintiffs argument.